## JOSEPH H. GIBBONS *vs.* JESSE L. HEISKELL, ADMINISTRATOR, ETC.

*Limitations—Dismissal of Former Action.*

When the Statute of Limitations once begins to run on a claim, its operation is not suspended by the fact that a suit was instituted in a foreign jurisdiction which was dismissed before judgment, and the statute is a bar to another suit on the same claim instituted in this jurisdiction after the expiration of the time limited.

Appeal from a judgment of the Circuit Court for Prince George's County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*William A. Meloy*, for the appellant.

*F. Snowden Hill* and *Fillmore Beall*, for the appellee, submitted the cause on their brief.

BOND, J., delivered the opinion of the Court.

On the 16th day of January, 1899, the plaintiff, the appellant in this Court, filed his declaration in *assumpsit* in the Circuit Court for Prince George's County, Maryland, against

the appellee, as administrator of Peter H. Heiskell, deceased, to recover for materials furnished and work and labor performed, as alleged by him, for the defendant's intestate in his lifetime, accompanied by the particulars of the demand. On the same day of the filing of the *narr.*, as appears from the record, the defendant appeared and filed the three following pleas :

1. That his intestate never promised as alleged.

2. That the alleged cause of action did not accrue within three years before the institution of the suit ; and

3. That the defendant had fully administered the goods of his intestate, &c.

On the first and third pleas plaintiff joined issue, and replied specially to the second.

As the decision of the case turns upon the sufficiency of the replication, we set it out in full, which is as follows : " The cause of action, set forth in the *narr.* herein, first became due and payable in the month of July, 1883, and an action at law was brought thereon by the plaintiff against the said Peter H. Heiskell (now deceased), in his lifetime, on the 10th day of April, 1886, in the Supreme Court of the District of Columbia, by due personal service of its process on the said Peter in the Action No. 26844, at law, whereby the said Court acquired and had full jurisdiction of the said subject-matter and of the person of the said Peter ; and the said Peter thereupon appeared in said Court, and submitting to its full jurisdiction in the premises, pleads to the cause and joins issue with the plaintiff therein ; and such action at law and issues joined still remained in the said Court pending at the time of said Peter's death. Thereupon, subsequently, in a proceeding in said cause on behalf of the said plaintiff to have the same revived, and the said Jesse L. Heiskell, administrator of the estate of the said Peter, deceased, brought in as a party defendant, to-wit : on the 24th day of February, 1894, the said Supreme Court of the District of Columbia finally struck from its docket the said Action at Law No. 26844 and dismissed the same for want

of power in said Court to compel the foreign administrator to come into said Court in said cause; whereupon this present action was brought and begun one month and fifteen days after such termination of the former action aforesaid, and thirteen months, twenty-six days after the appointment of the said administrator in this jurisdiction to represent the estate of the said Peter."

This replication was followed by a rejoinder, to the effect that " defendant's intestate, at the time of the making of the alleged contract sued on in this case, and the accruing of the alleged cause of action, to-wit, August, 1882, was a citizen of the State of Maryland, residing in Prince George's County, and continuously thereafter remained such citizen and resident to the time of his death, to-wit, in the year 1893."

To the rejoinder the plaintiff entered a demurrer, which, upon argument, was overruled and judgment given in favor of the defendant.    It is from this judgment that the appeal was taken, thus presenting purely a question of pleading that we have to decide.

No authorities are needed to the proposition, that the effect of a demurrer is to bring before the Court all the pleadings in the case, and that judgment will be given for the party who, on the whole, is entitled to it.    It goes back to the first error in the pleadings.    Hence, our duty is to examine and pass upon the sufficiency of all the pleadings.

The declaration and pleas are in the usual form, and we find no objection to them.    The replication in question comes next in order, and we are clearly of the opinion that it is bad—without the support of any principle of which we are aware.

The most usual replication to the plea of the Statute of Limitations, is a new promise, or replication by way of traverse.    And so far as the facts of this case are disclosed to us by the record, no other course of pleading was open to the plaintiff.

What are the facts set up by the replication to overcome the statute ?    Simply, that prior to the death of said Peter

H. Heiskell, the plaintiff had sued him in the District of Columbia, the place of his business residence, on the same cause of action, and that he had appeared to said action and contested the claim by denying it; and that after his death said suit was stricken from the docket by order of Court.

All the admissions of the record are to the effect that defendant's intestate was, at the time of making the alleged contract in 1882, a citizen of the State of Maryland and a resident of Prince George's County, and that he remained such up to the time of his death in 1893. There was no time, therefore, from the accruing due of the alleged debt in July, 1883, he could not have sued in the appropriate Court of Prince George's County, and carried on his suit to a conclusion. Instead, he selected, of his own choice, another jurisdiction, with the result seen. In this he has no right to complain, since it was his own free act.

The cases cited and relied on by the learned counsel for appellant do not, in our view, sustain the state of pleading adopted by him. They refer to an entirely different class of cases, where objection is made to the running of the statute on the ground of fraud of the adverse party, disability, &c. But in this case the plaintiff was under no disability whatever at any time to sue. There was nothing to restrain him except his own disinclination, from the time he had a right of action. " The principle of law is indisputable that when the Statute of Limitations once begins to run, nothing will stop or impede its operation. It never does attach unless there be some person in being competent to sue, but when that is the case, the legal bar to the recovery of the money will arise, unless legal steps are adopted to enforce a payment within the period prescribed by law." *Ruff's Admr. d. b. n.* v. *Bull*, 7 H. & J. 14; *Hogan* v. *Kurtz*, 94 U. S. 773.

We entirely agree with the action of the Court below, and, for the reasons given, will affirm the judgment.

*Judgment affirmed with costs.*

(Decided November 23rd, 1899).