PATTERSON v. SAFE DEPOSIT & TRUST CO. OF BALTIMORE.

(Circuit Court of Appeals, Fourth Circuit. November 8, 1906.)

No. 655.

1. LIMITATION OF ACTIONS—RELIEF AGAINST STATUTE—EQUITABLE GROUNDS.

While the exceptions in a statute of limitations may be enlarged to include cases within their equity, although not within their strict letter, such action should be taken with great caution, and only in cases where the plaintiff has proceeded with due diligence and is not chargeable with laches.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 13, 15.]

2. SAME.

Plaintiff commenced an action in the District of Columbia more than two years after the cause of action accrued which was still pending untried more than seven years later, when the defendant died, having in the meantime become a resident and citizen of Maryland. By reason of his nonresidence, the action abated by his death, and more than a year thereafter, and two years after the defendant's death, a new action was commenced against his executor in Maryland, which action was at that time barred by the state statute of limitation. Held, that plaintiff was chargeable with laches, and had no equity to be relieved from the operation of the statute, upon an allegation merely that she had no knowledge of the decedent's change of residence until the time of his death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 469.]

In Error to the Circuit Court of the United States for the District of Maryland.

John C. Gittings (Justin M. Chamberlin and Henry M. Hutton, on brief), for plaintiff in error.

Frank Gosnell (A. A. Hochling, Jr., on brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

GOFF, Circuit Judge. The plaintiff in error, on the 2d day of August, 1895, instituted an action of trover in the Supreme Court of the District of Columbia, against Samuel Magill Bryan, for the conversion of a certificate in writing representing and entitling her to receive 100 shares of stock of the National Typographic Company, and 100 shares of stock of the Mergenthaler Linotype Company, and certain cash dividends upon the same, alleging that she had casually lost said certificate out of her possession, and that the same on that day came into the possession of the defendant by finding. Such action, to which said Bryan had duly pleaded, was pending against him at the time of his death on the 23d day of January, 1903. The defendant in error, having been by the will of Bryan appointed his executor, and also trustee as to certain funds mentioned therein, qualified as such, but failed to enter its appearance in such action, whereupon the same thereafter, on the 24th day of January, 1904, abated.

The plaintiff in error, on the 2d day of May, 1905, commenced her action at law against the defendant in error, in the Circuit Court of the United States for the District of Maryland, averring her possession and ownership of said mentioned certificate in writing, setting up the loss of the same, and the finding of it by Samuel Magill Bryan, as before mentioned. The declaration alleges that the defendant's testator, well knowing the said certificate or agreement to be the property of the plaintiff and of right to belong to her, but contriving and fraudulently intending craftily and subtly to deceive and defraud the plaintiff, did not during his lifetime deliver (and that the defendant as executor and trustee has not as yet delivered) the said certificate or agreement or any of the shares of stock or dividends of money to the plaintiff, although often requested so to do, and hath wholly refused so to do, and afterwards converted and disposed of such agreement or certificate and said shares of stock and the dividends 'due thereon to his own use to plaintiff's damage, wherefore this suit.

To this declaration the defendant below pleaded that it did not commit the wrong alleged; that the said Samuel Magill Bryan did not commit the wrong alleged; that the alleged cause of action did not accrue within three years before the bringing of this suit. On said first and second pleas issue was joined, and to the plea of the statute of limitations the plaintiff below replied as follows:

"That at the time the cause of action herein sued upon accrued, to wit, June 14, A. D. 1893, defendant's testator, Samuel Magill Bryan, was absent out of the state of Maryland, and was then notoriously a citizen and resident of and within the District of Columbia, and the said Bryan continuously thereafter remained such citizen and resident of and within the said District of Columbia to the time of his death, to wit, January 23, 1903, so rar as plaintiff had any knowledge, information, belief, or cause for belief, or reason to suspect; that on the 2d day of August, A. D. 1895, plaintiff filed in the Supreme Court of the District of Columbia an action of trover against defendant's testator, Samuel Magill Bryan, the subject-matter of said action being identical

with that declared on in the declaration filed herein, at which time the said Bryan was absent out of the state of Maryland, and was notoriously a citizen and resident of and within the District of Columbia; that said Bryan was personally served with process of said court, appeared in said court submitting to its full jurisdiction in said premises, and pleaded to said declaration, and issue was joined on certain of said Bryan's pleas and certain depositions de bene esse taken; that on March 18, 1899, said Bryan's depositions de bene esse was taken in said action, wherein said Bryan swore that he was a resident of the District of Columbia, and was about to leave Washington, but would return in about two months; that said Bryan's attorney in said action, the late Jeremiah M. Wilson, having died, said Bryan, on August 30, 1902, retained A. A. Hoehling, Esq., of the bar of the Supreme Court of the District of Columbia, who on said date entered his appearance for said Bryan in said action and continued to actively defend same to the time of said Bryan's death, without the slightest intimation or suggestion to plaintiff, or her attorneys, that said Bryan was no longer a resident of the District of Columbia, and was then residing within the state of Maryland: that plaintiff had no knowledge, information, belief, or cause for belief, or reason to suspect, that said Bryan was at any time within the state of Maryland and could there be served with process of this court, or of any court of said state, until the publication of said Bryan's death in the daily newspapers; that, upon receiving notice of the death of said Bryan, and the granting of letters testamentary to the defendant corporation, the plaintiff notified the officers of the defendant corporation of the action then pending in the Supreme Court of the District of Columbia, known as No. 38,105 at law; that at the time of the death of said Bryan said action was then pending, and as late as December 30, 1902, the said Supreme Court of the District of Columbia sustained plaintiff's demurrer to certain pleas filed by the defendant in said action; that, through no fault of plaintiff, but by the failure of the defendant corporation to enter its appearance and defend said action, as provided by section 236 of the Code of Laws for the District of Columbia, said action, thereafter, to wit, on the 24th day of January, A. D. 1904, abated; and that this action was commenced within three years after the plaintiff had any knowledge, information, belief, or cause for belief, or reason to suspect, that defendant's testator was within the state of Maryland at any time subsequent to the right of action herein sued upon accruing, for so long a time as would have enabled plaintiff, who was then and has from that time continued to be and is now a resident of the state of Virginia, to have a writ of this court, or of any of the courts of this state, issue, with a reasonable expectation of deriving a beneficial effect therefrom—to all of which the plaintiff is ready to verify."

To this replication the defendant in error demurred, assigning as cause therefor:

"(1) That said replication is immaterial and insufficient, and does not set out any grounds for the removal of the bar of the statute of limitations, set up in the defendant's third plea.

"(2) That the said replication does not aver or show that the bar of the statute of limitations was not complete at the time the pending action was instituted.

"(3) That the said replication does not aver or allege any reason why the bar of the statute of limitations should be removed.

"(4) That the plaintiff has not averred in said replication any facts which take this case out of the operation of article 57 of the Code of Public General Laws of Maryland, titled 'Limitation of Actions.'

"(5) That the plaintiff has failed, in and by said replication, to aver facts which bring the pending action within any of the exceptions stated in article 57 of the Code of Public General Laws of Maryland, titled 'Limitation of Actions.' "

The court below sustained the demurrer, and the plaintiff in error announcing that she stood upon said pleadings, and that she did not de-

sire to amend the same, judgment was entered in favor of the defendant. in error. From the judgment so entered this writ of error was sued out. It is now here insisted by the plaintiff in error that the court below erred in sustaining the demurrer filed by the defendant below to the replication filed by the plaintiff below to the third plea mentioned, in which the statute of limitations was set up. The claim is that the replication alleged facts showing that the case came within the equity of the exceptions to the statute, and that the facts set forth brought it within the legal maxim that, "the act of God shall prejudice no man."

The alleged cause of action accrued against the decedent on the 14th day of June, 1893. The suit in the Supreme Court of the District of Columbia was commenced on the 2d day of August, 1895, and was still pending on the 23d day of January, 1903, when Bryan died, more than seven years after it was instituted, and nearly ten years after the cause of action arose. Why the delay in pressing the case to a final hearing is not disclosed by the record now before us. It is true that the defendant in error was under no legal obligation to appear to the action pending in the District of Columbia, although it was then provided by section 236 of the Code of Public General Laws for that District that it could have done so. It is also true that the plaintiff in error could have instituted her suit in the court below when first advised of the death of Bryan, which was one year before the abatement of the suit then pending in the District of Columbia. The pendency of the action in the District of Columbia would not have been a bar to an action filed by plaintiff in error in the state of Maryland. Cole v. Flitcraft, 47 Md. 312, 319. The first suit was not filed until two years had elapsed from the accruing of the cause of action, and the second proceeding was not instituted until more than two years had passed from the death of Bryan, and until over one year after the abatement of the original action, and such laches, taken in connection with the unexplained delay in prosecuting that action, considered in conjunction with the fact that defendant in error labored under the disadvantage caused by the death of the party familiar with the incidents involved, tend to a great degree to deprive the plaintiff in error of the equity she claims concerning the exceptions to the statute of limitations.

It may be admitted that the letter of the statute of limitations should not always prevail, and that there are a class of cases which are not embraced in the exceptions enumerated in such statutes. If we give the statute applicable to this case the equitable and reasonable construction asked for by the plaintiff in error, we must nevertheless deny the force of her contention, for it appears that her suit was not prosecuted with due diligence, and that she was also guilty of laches not excusable by the circumstances set forth in the record. We admit the force of the principle discussed in the cases relied on by counsel (Jackson v. Horton, 3 Caines [N. Y.] 205, containing the clear presentation of the point by Chief Justice Kent, and its admirable discussion by Judge Thompson; Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939, in which the Supreme Court refers to the exceptions not mentioned in the statutes and the cases in which they have sometimes been admitted; Richards v. Maryland Ins. Co., 8 Cranch, 85, 3 L. Ed. 496, in which

the spirit of such statutes is referred to, and the cases described in which it should control), and still we find ourselves compelled to say that the law announced by those cases, taken and applied to the facts disclosed by the record we consider, shows that the court below did not err in its judgment now complained of. They refer to facts, which. while not within any of the exceptions mentioned in the statutes, are at least within the equity of those exceptions—such as instances where the previous suit of the plaintiff had failed because of the act of the defendant, or the act of God, and a new suit had been commenced with due diligence although after the limitation had expired. In those cases no laches was attributable to the plaintiffs. They had proceeded with due diligence. To bring this case within the rule announced in them, the plaintiff in error should have prosecuted her first suit with due diligence, and should have instituted her suit in the court below within a reasonable time after she was advised of Bryan's death, and not have waited over two years after she was so informed; or, knowing of the abatement of the suit she had filed in the District of Columbia, she should have instituted her suit soon thereafter in the court below, and not have allowed over one year to have passed before doing so. Statutes of limitations proceed upon the presumption that claims are extinguished when they are not litigated in the proper forum within the period mentioned in them, and they take away all solid ground of complaint, as they rest on the negligence of the party instituting the suit. The cases in which it has been held that the running of the statute of limitations may be suspended by causes not mentioned in the statute are very limited in character, and should be followed with great caution; otherwise the court would make a law, instead of administering it. The general rule is that the language of the act must prevail, and no reason based on apparent inconvenience or hardship can justify a departure from it. As the Supreme Court said, in Willard v. Wood, 164 U. S. 523, 17 Sup. Ct. 176, 41 L. Ed. 531:

"The general rule in respect of limitations must also be borne in mind that, if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his rights, or where from any cause a plaintiff becomes nonsuit or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred. Alexander v. Pendleton, 8 Cranch, 462, 470, 3 L. Ed. 624; Young v. Mackall, 4 Md. 367; Wood on Limitations, § 293. and cases cited."

The plaintiff in error knew for two years and three months before this suit was brought that Bryan was at the time of his death a resident and citizen of the state of Maryland; that his legal representative resided in that state; and that, when she proceeded against such representative, it would necessarily be in the courts of that state, and the statute of limitations there enacted would apply. Besides, she had every reason to conclude that Bryan's representative would not appear to the suit in the District of Columbia, and still, although thus advised. we find the delay mentioned, and we notice the utter failure on her part to explain it. The plaintiff in error seeks to withdraw this suit from the operation of the statute of limitations of the state of Maryland, not by reason of the fact that the defendant in error's intestate did not take up his residence in that state more than three years before

it was brought, but because, as the replication states, she "had no knowledge, information, belief, or cause for belief, or reason to suspect, that said Bryan was at any time within the state of Maryland and could there be served with process of this court, or of any court of said state until the publication of said Bryan's death in the daily newspapers."

Section 5, art. 57, p. 1460, 2 Code Pub. Gen. Laws Md. 1904, reads:

"If any person liable to any action shall be absent out of the state at the time when the cause of action may arise or accrue against him, he shall have no benefit of the limitation herein contained if the person who has the cause of action shall commence the same after the presence in this state of the person liable thereto within the terms herein limited."

It is quite obvious, we think, that, if the Maryland statute of limitations is pleaded, in order to prevent its operation a clear and positive averment in a plea must be made that the defendant did not reside in the state more than three years prior to the institution of the suit. Such seems to be the practice recognized by the Court of Appeals of Maryland. Mason v. Union Mills Co., 81 Md. 446, 448, 32 Atl. 311, 29 L. R. A. 273, 48 Am. St. Rep. 524. The recent case of Gibbons v. Heiskell, 90 Md. 6, 44 Atl. 996, in which that statute was discussed, seems to dispose of the question. It was there held that:

"When the statute of limitations once begins to run on a claim, its operation is not suspended by the fact that a suit was instituted in a foreign jurisdiction which was dismissed before judgment, and the statute is a bar to another suit on the same claim instituted in this jurisdiction after the expiration of the time limited."

We find no error.
Affirmed.