ROSELLE PARK TRUST COMPANY *v.* WARD BAKING CORPORATION ET AL.

[No. 19, October Term, 1939.]

*Decided November 28th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Harry J. Green,* with whom were *George H. Dowell* and *Weinberg, Sweeten & Green* on the brief, for the appellant.

*Richard F. Cleveland* and *William A. Fisher, Jr.,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellees.

MITCHELL, J., delivered the opinion of the Court.

By chapter 551 of the Acts of 1935 (Code [Supp. 1935], art. 23, sec. 33½), provision is made for the consolidation or merger of corporations of Maryland with corporations of other states, the laws of which permit such consolidation.

And said section 33½ of the above article provides that if the new corporation resulting from consolidation, or the corporation surviving a merger, is organized under the laws of another state, the agreement of consolidation or merger shall set forth: (2) (e) "the name and address of an agent of the new or surviving corporation, as the case may be, resident in this State, service of process upon whom shall bind such corporation in any action or proceeding instituted, filed or pending against it under the provisions of Section 34 or Section 35 of this Article until the appointment of a substitute duly certified to the State Tax Commission."

Section 35 of Article 23, referred to in the quoted paragraph, as repealed and reenacted by chapter 504 of the Acts of 1937 is the section of the statute under which the suit from which this appeal was taken was instituted, and, so far as the same is applicable in the instant case, provides:

(a) "Any stockholder of any corporation of this State party to an agreement of consolidation or of merger made pursuant to the provisions of * * * Section 33½ of this Article * * * who at the meeting of stockholders of such corporation voted * * * against the agreement submitted, may, within twenty days after the agreement of consolidation or of merger * * * has been received for record by the State Tax Commission (but not afterwards), make upon the consolidated corporation or the corporation surviving the merger, * * * written demand for the payment of his stock, and shall, thereupon, be entitled to receive an amount equal to the fair value thereof on the effective date of such consolidation or merger without regard to any depreciation or appreciation thereof in consequence of such consolidation or

merger, with interest from said date. If the dissenting stockholder and such corporation shall fail to agree upon the fair value of said stock, the dissenting stockholder may, within thirty days after such written demand, apply by petition to any court of equity having jurisdiction over said corporation, on reasonable notice to be furnished by said court to said corporation, for the appointment of three disinterested commissioners to appraise the fair value of his stock * * *."

(b) "The award of said commissioners * * * when confirmed by said court, shall be final and conclusive on all parties, unless any stockholder or the corporation, feeling aggrieved at the said action of the said court, shall appeal to the Court of Appeals of Maryland, which right of appeal from such action of the court is hereby given, and said consolidated corporation or the corporation surviving the merger * * * shall pay such stockholder the value of his stock ascertained as aforesaid. * * *"

The appellant, the Roselle Park Trust Company, in pursuit of its rights under the aforegoing provisions of the corporation laws of this state, on February 27th, 1939, filed its petition in the Circuit Court No. 2 of Baltimore City, against Ward Baking Corporation, a body corporate of Maryland, praying the appointment of three disinterested commissioners to appraise the fair value of 300 shares of stock of said corporation owned by the petitioner.

The petition alleged the merger of the Ward Baking Corporation, a body corporate of the State of Maryland, with Ward Baking Company, a body corporate of the State of New York, under an agreement of consolidation filed with the State Tax Commissioner of Maryland, on December 2nd, 1938; that the agreement of consolidation was submitted for approval at a meeting of the stockholders of the Ward Baking Corporation held on November 18th, 1938, and that the petitioner at said meeting voted its stock against said agreement; that on January 11th, 1939, the petitioner and Ward Baking

Corporation failing to agree upon the fair value of the petitioner's stock, the said petitioner filed a petition in the Supreme Court of Bronx County, New York, against Ward Baking Company, the New York corporation, for the appraisal of its said stock and payment therefor; that the said petition was denied on the ground that a remedy was provided by the laws of Maryland; that since December 12th, 1938, the Ward Baking Corporation and the Ward Baking Company have treated the petitioner "as a stockholder whose interest in said corporation ceased upon the filing of the agreement with the State Tax Commission of Maryland, and whose interest was restricted to receipt of the value of the stock." The petition alleges that the petitioner since the consolidation has received no notices of any kind from either of the above corporations and has been denied payment of a dividend upon the preferred stock which has been declared and paid stockholders of the Maryland corporation, who by virtue of the agreement of consolidation became stockholders of the New York corporation."

Subsequently, on March 16th, 1939, leave was granted the petitioner to amend its petition so as, by interlineation, to include the Ward Baking Company as a party defendant; and as amended, the petition names as defendants both of the above mentioned corporations, referring to the New York corporation as being the "corporation surviving the consolidation."

The answer of the respondents, filed on March 18th, 1939, substantially admits all relevant allegations of the petition; but, nevertheless, submits facts supplementary thereto and avers them in justification of the action of the respondents, or either of them, in the premises. By the answer it is submitted that the petition filed by the complainant in the Supreme Court of Bronx County, New York, was denied on January 31st, 1939, instead of February 1st, 1939, as set forth in the petition; that no dividend declared to preferred stockholders of Ward Baking Company since the merger had been paid to the petitioner on its stock for the reason that at the time

said dividend became payable the petitioner had taken the position, in seeking appraisal of its stock, that it was not a stockholder of Ward Baking Company; that accordingly said dividend was withheld pending the final determination of the New York proceedings, the right of appeal from the order of the New York Court not having expired until March 3rd, 1939, and that said dividends were still being withheld pending the final determination of the instant case, which was instituted before the expiration of the time for appeal in the New York proceedings.

Further answering, the respondents set forth and admit that the agreement of merger between Ward Baking Company and Ward Baking Corporation was filed with the State Tax Commission of Maryland on December 2nd, 1938; that Ward Baking Company on December 13th, 1938, received written demand from the petitioner for payment of its stock (although the petition alleges that written demand was made on Ward Baking Corporation on December 12th, 1938, and does not allege any demand as having been made on Ward Baking Company).

The answer then avers that chapter 504 of the Acts of 1937 (Code, art. 23, sec. 35) requires that a petition for the appointment of appraisers shall be filed within thirty days of such written demand, and that the time for filing said petition expired on or before January 12th, 1939, whereas the petition in the instant case was not filed until February 27th, 1939, and therefore not filed within the time prescribed by law.

The answer also avers, on behalf of the respondent Ward Baking Corporation, that by virtue of the consolidation the Ward Baking Company became the corporation surviving the merger, against which latter corporation only the petition should have been filed, and that accordingly the respondent Ward Baking Corporation was not a proper party in the premises, regardless of the question as to whether the petition had been filed in due time.

It is submitted in the answer that the proceedings in the New York court had no effect upon the rights of the petitioner in Maryland, and that the allegations as to the payment of dividends and the notices of subsequent meetings were not material to this cause; wherefore the respondents pray that the petition be dismissed.

The case was heard below upon petition and answer— no testimony being offered by either party to the proceedings—and from a decree dismissing the petition, this appeal was taken.

As is apparent from the pleadings in the case, the single question involved in this appeal is whether the appellant is barred from the right which the quoted section of the statute vested in it as a dissenting stockholder, to apply by petition, to a court of equity having jurisdiction over the corporation involved, for the appointment of commissioners to appraise its stock, on a date subsequent to the expiration of thirty days after having made written demand for payment for its stock.

In an opinion found in the record, the learned chancellor who heard the case below found no difficulty in reaching the conclusion that the twenty-day period for making the demand for payment for the stock is a definite limitation; and that the mandate of the statute to the effect that the written demand for such payment cannot be legally made after the expiration of the twenty-day period is susceptible of but one construction. In that conclusion we concur.

The difficulty arises in the construction of the subsequent language of the quoted section, which, as has been seen, provides that in case of the failure of the dissenting stockholder and the appropriate corporation to agree upon the fair value of the dissenter's stock, the latter "may, within thirty days after such written demand," apply by petition to the court having jurisdiction in the premises for the appraisal of his stock.

It is admitted by the appellant that the limitation as to the period in which the demand for payment can be made is definite, and that the phraseology of the statute

in that connection is mandatory. But because of the concluding langauge of the section it is urged that the provision as to the time in which the petition to the equity court may be filed is directory, in that, with reference to the latter clause of the section, the limitation "but not afterwards," is omitted. The chancellor so held, but dismissed the petition because in his opinion the petitioner had not pursued its rights with such degree of diligence as to warrant the favorable exercise of the court's discretion in its favor.

Whether the legislative intent was to definitely limit the time in which the petition can be filed to the thirty-day period prescribed by the statute, as far as our investigation goes, does not appear to have been passed upon by this court; although the statute has been construed in other respects by our predecessors, in the disposition of cases controlled by it. *Homer v. Crown Cork & Seal Co.*, 155 Md. 66, 141 A. 425; *American General Corp. v. Camp*, 171 Md. 629, 190 A. 225. The question, however, is raised by this appeal and must, therefore, be dealt with in the disposition of the instant case.

Formerly corporate consolidations or mergers were not authorized by statute in this state, and it was not until the passage of chapter 471 of the Acts of 1868 that such authority was conferred. By that act, however, a merger or consolidation between corporations having substantially the same purpose was authorized, and a bare majority vote of the stockholders of each of the corporations was sufficient to accomplish the union. The minority stockholders had no power to prevent the consolidation, nor was provision for appraisal or other elective remedy reserved to them. It was not until the passage of chapter 240 of the Acts of 1908 that the requirement of a two-thirds vote of the stockholders of the respective corporations was necessary to effect consolidation and merger, and the right to elect an appraisal of the stock of dissenting stockholders granted.

The origin of this right becomes important, for the reason that in the construction of statutes a distinc-

tion is drawn between statutes the provisions of which create a right or remedy and prescribe limitations under which the same may be invoked, and statutes which are merely designed to limit the time in which an independent existing right may be enforced.

In *Sutherland on Statutory Construction,* section 454, it is stated: "When a statute is passed authorizing a proceeding which was not allowed by the general law before, and directing the mode in which an act shall be done, the mode pointed out must be strictly pursued. It is the condition on which alone a party can entitle himself to the benefit of the statute, that its directions shall be strictly complied with. Otherwise the steps taken will be void. But when the proceeding is permitted by the general law, and an act of the legislature directs a particular form and manner in which it shall be conducted, then it will depend on the terms of the act itselft whether it shall be considered merely directory, subjecting the parties to some disability if it be not complied with, or whether it shall render the proceeding void." And in 25 *R. C. L.,* vol. 25, *Statuates,* p. 982, the rule is thus stated: "A statute that directs a thing to be done in a particular manner ordinarily implies that it shall not be done otherwise."

In *Homer v. Crown Cork & Seal Co., supra,* this court construed the provision now under consideration, and it was there stated that the section "assures to every stockholder fair value for his shares of stock, if he was present at the stockholders' meeting and voted against the agreement submitted, and, within twenty days after such meeting, made a written demand on the corporation for the payment of his stock." After referring to the right of the dissenting stockholder to file the petition contemplated by the section for the appraisal of his stock, but without special reference to the application of the thirty-day clause in connection with the assertion of that right, the conclusion of this court was that the proceedings of the dissenting stockholder do not delay or prevent the performance of the contract of sale or

merger, but that the vendee or grantee corporation takes the property of the vendor or grantor corporation, subject to its debts and liabilities, including the claim of the dissenting stockholder.

That the above conclusion is definitely sanctioned by the provisions of the statute admits of no logical doubt. Correlatively, however, it would seem incumbent upon the stockholder to comply with all the conditions of the statute which confers the right, and accordingly file his petition, for the appointment of appraisers to value his stock, within the time prescribed by the statute. Especially is that observation reasonable when it is noted that the right to file the petition is vested in the dissenting stockholder only, and that the statute makes no provision by which the surviving corporation can invoke a speedy and final appraisal of the dissenter's stock. To construe the section otherwise would, in effect, clothe a dissenting stockholder, who has made written demand for the appraisal of his stock, with the right to indefinitely postpone the final determination of the value of such stock through his own delay in filing the subsequent petition, notwithstanding that the surviving corporation is an interested party to the proceeding, and in fairness is entitled to a speedy adjustment of the matter in controversy.

For the reasons stated, it is unnecessary to discuss the effect of the proceedings pursued by the appellant in the Supreme Court of Bronx County, New York. *Gibbons v. Heiskell*, 90 Md. 6, 44 A. 996; 37 *C. J., Limitations of Actions*, sec. 561, p. 1095.

It is our opinion, therefore, that the provisions of the statute should be construed strictly, and, accordingly, that the thirty-day period must be regarded as a mandatory limitation.

*Decree affirmed, with costs to the appellees.*