## MARGOLIS *v.* JOH AND FURMAN

[No. 353, September Term, 1965.]

*Decided June 22, 1966.*

*Edward S. Margolis* for appellant.

*Norman Polovoy,* with whom was *Albert B. Polovoy* on the brief, for appellees.

PRESCOTT, C. J., delivered the opinion of the Court.

The only questions involved in this appeal are two questions of fact: did the appellant fail to cooperate with the seller-appellee in his attempt to procure a mortgage, which was necessary to consummate a real estate sale; and (2), could the mortgage have been obtained even though appellant had cooperated?

In February 1964, appellant and appellee, Joh, entered into a contract of sale for a small apartment house in Baltimore

City. (The other appellee is the real estate agent.) Time was of the essence. The cogent provision of the contract in this appeal states "the seller is to obtain a first mortgage in the minimum amount of $30,000." A mortgage in the minimum amount was not obtained and settlement was not held on the agreed upon date of settlement. Very promptly following the expiration of this date, appellant notified the seller that the contract was at an end. Appellant sued for the return of his deposit of $2,500, and the appellees defended upon the ground that they had attempted to procure, and would have procured, a mortgage in the required amount, but appellant failed and refused to aid and cooperate in obtaining the same. The trial judge found that it was clear "that there was a complete lack of effort and cooperation on the part of the buyer [in procuring the mortgage], delaying beyond the date for settlement a final determination by the Building Association [which was considering making the loan] as to whether or not the loan would be granted." He further found that, after the settlement date, the buyer made no further effort to determine whether or not the loan would have been made, and that the "seller had performed under the contract by creating the opportunity for the buyer to obtain the loan." Consequently, under our holdings in such cases as *Whitney, Exec. v. Halibut*, 235 Md. 517 and *Hill v. Benevicz*, 224 Md. 79, he found for the defendants and judgment was duly entered in their favor.

As stated above, the only assignments of error are the two contentions that the court erred in its findings of fact. An appellant who takes an appeal upon such a ground, alone, assumes a substantial burden, for when the trial court sees and hears the witnesses, his findings of fact cannot be disturbed unless clearly erroneous. Maryland Rule 886 a.

In the case at bar, the testimony was, in some of its aspects, conflicting. However, it would serve no useful purpose, we think, to set it forth in detail. After a careful reading and consideration thereof, we are unable to say that the trial judge's findings were clearly erroneous; hence, we must and will affirm.

*Judgment affirmed; appellant to pay the costs.*