## STATE ROADS COMMISSION OF MARYLAND *v.* LAUREL PINES COUNTRY CLUB, ET AL.

[No. 215, September Term, 1969.]

*Decided February 4, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Carl Harrison Lehmann, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *Joseph J. Bonner, Special Attorney,* on the brief, for appellant.

*Charles J. Sullivan, Jr.* for appellees.

MCWILLIAMS, J., delivered the opinion of the Court.

On 5 July 1968 the appellant (Commission) filed a petition seeking the acquisition in fee simple of 0.60 acres of land of the appellee (Laurel) in connection with the improvement of Maryland Route 197 in Prince George's County. The Commission deposited with the clerk of the circuit court $3,810 which it believed represented "the fair value of the property to be acquired." Since an agreement "as to the fair value of the property" could not be reached the case was referred to the Board of Property Review for a determination. On 20 March 1969 the board awarded Laurel $8,801. Attached to the award was a certification that on the same day copies thereof had been filed with the clerk of the circuit court and that "addi-

tional copies * * * [had been] delivered or mailed to all parties in interest" including representatives of the Commission. The docket entry and the stamping on the copy show that it was not filed in the clerk's office until 3 April. The Commission received its copy on 7 April. Nudged by the Commission, the board, as its chairman promised, issued a revised notice dated 14 April and filed it with the clerk's office on the same day. The *only* "revision" in the notice was the change in the date from 20 March to 14 April. The Commission filed the notice of dissatisfaction provided by Maryland Rule U27 g 1 on 9 May and on 27 May it filed the condemnation petition. On 4 June Laurel moved to dismiss the Commission's notice of dissatisfaction. The docket entries indicate that Parker, J., heard argument on Laurel's motion to dismiss and on the same day granted the motion. The Commission has appealed from "the decision of the court on July 2, 1969 * * *."

The Commission submits rather odd arguments. If, it says, the award had been filed on the date of the certification, 20 March, and the copy thereof had not been received by the Commission until 7 April, it would have had but 12 days to file its notice of dissatisfaction which, it complains, is "an unfair burden." The Commission has certainly misread the rule, the language of which is as follows:

> "Within thirty days after the *filing of the award of the board with the clerk of the court,* any party dissatisfied therewith may file written notice of his dissatisfaction with the clerk of the court. A copy of the notice shall be served on a party pursuant to Rule 306 (Service of Pleadings and Other Papers)." (Emphasis added.)

There can be no doubt that the 30 days does not begin to run until the award is filed with the clerk of the court. Obviously, in these circumstances, the Commission had not 12 days but at least 26 days in which to file the notice

of dissatisfaction, an operation requiring neither time nor skill nor thought. Rule U27 g 2 gives the Commission another 30 days, after the filing of the notice, in which to file the condemnation petition and Rule U27 g 3 permits the court to extend, up to 90 days, the time for filing a description of the property to be condemned. We fail to see any unfairness in the "burden" thus imposed upon the Commission. In any event, the rule is "mandatory and ineluctable." *State Roads Commission v. O'Boyle*, 250 Md. 512, 514 (1968).

Neither are we persuaded by the argument that the filing of the "revised notice" rescues the Commission from its plight. Not only was there no revision; the avowed and single purpose for which it was filed was to extend the 30 day period for an extra 11 days. If it is proper to do this once, it is proper to do it twice. Indeed the board, by this means, could continue indefinitely to frustrate the obvious purpose of the rule. In our judgment it does not have that power. *Roselle Park Trust Co. v. Ward Baking Corp.*, 177 Md. 212, 221 (1939). The action of the trial judge will not be disturbed.

*Affirmed with costs.*