## GLOBE PROPERTIES, INC. *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 207, September Term, 1969.]

*Decided February 5, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Charles J. Sullivan, Jr.* for appellant.

*Carl Harrison Lehmann,* with whom were *Francis B. Burch, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *Joseph J. Bonner, Special Attorney,* on the brief, for appellee.

MCWILLIAMS, J., delivered the opinion of the Court.

On 15 July 1968 the appellee (Commission) filed a petition seeking the acquisition in fee simple of 1.53 acres of land of the appellant (Globe) for the dualization of Maryland Route 202 in Prince George's County. The Commission deposited with the clerk of the circuit court $11,-410 which it believed represented "the fair value of the property to be acquired." Since an agreement "as to the fair value" of the property could not be reached the case was referred to the Board of Property Review for a determination. On 20 March 1969 the board awarded Globe $27,000. Attached to the award was a certification that on the same day a copy thereof had been filed with the clerk of the circuit court and "that additional copies * * * [had been] delivered or mailed to all parties in interest" including representatives of the Commission. The docket entry and the stamping on the copy show that it was not filed in the clerk's office until 3 April 1969. The Commission received its copy on 7 April. Nudged by the Commission, the board, as its chairman promised, issued a "Revised Notice" dated 14 April and filed it with the clerk on the same day. The *only* "revision" in the notice was the change in the date, from 20 March to 14 April. The Commission filed the notice of dissatisfaction provided by Rule U27 g 1 on 9 May. On 26 May Globe moved to dismiss the Commission's notice of dissatisfaction. The Commission filed its condemnation petition on 27 May. Following a brief hearing on 25 June, Judge Powers denied Globe's motion to dismiss the notice of dissatisfaction. Globe has appealed from the denial of its motion.

The Commission has moved to dismiss Globe's appeal on three grounds: that the appeal is premature; that the determination of the trial court is not final; and that there is no statute which permits this appeal. That the motion to dismiss must be granted is entirely clear.

It will be observed, however, that the facts in the instant case and the facts in *State Roads Commission v.*

*Laurel Pines Country Club, Inc.*, 256 Md. 605 (1970), decided yesterday, are as nearly identical as it is possible for two sets of facts to be. Yet Judge Powers' decision here is the converse of Judge Parker's decision in *Laurel,* which we have affirmed. Judge Parker granted Laurel's motion to dismiss the Commission's notice of dissatisfaction; Judge Powers denied Globe's motion.

Although, as already indicated, we shall dismiss the appeal, we shall nevertheless remand the case so that Globe can demur (or interpose some other appropriate pleading) to the condemnation petition. In the light of yesterday's decision in *Laurel* the trial judge will very likely wish to make a proper disposition of the matter and, as we see it, this will reinstate the award of the Board of Review, if, indeed, reinstatement is necessary.

> *Appeal dismissed.*
> *Case remanded for proceedings conformable with the views expressed in this opinion. Costs to be paid by appellee.*