566 A.2d 503

**Charles SORNBERGER, et al.,**

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY.**

**No. 388, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Dec. 4, 1989.

Certiorari Denied March 9, 1990.

Andrew Jay Graham (Kevin F. Arthur and Kramon & Graham, P.A., on the brief), Baltimore, for appellants Midlantic and Rooke.

Benedict Bader (I. Walton Bader and Bader and Bader, on the brief), Ijamsville, for appellants, Charles Sornberger, et al.

Richard J. Magid (Wilbur D. Preston, Mara E. Schechter and Whiteford, Taylor & Preston, on the brief), Baltimore, for appellee.

Argued before GARRITY, KARWACKI and ROBERT M. BELL, JJ.

GARRITY, Judge.

In this matter, we shall focus upon the operation and effect of the Maryland appraisal statute which allows an owner of stock in a corporation, which consolidates or merges with another corporation, to receive payment based upon the fair value of the company rather than accept the offering price for its shares. This appeal is from a judgment of the Circuit Court for Baltimore City (Kaplan, J.) which granted the appellee's motions to dismiss several of the appellants' claims regarding dissenters' rights of the corporate merger of the Baltimore and Ohio Railroad with Chesapeake and Ohio Railway Company.

The appellants presented the following issues for review:

I. Whether the lower court properly found that the erroneous tender of shares by a shareholder's nominee precludes the shareholder from pursuing statutory appraisal rights;

II. Whether the lower court erred in not permitting the beneficial owners of shares to intervene in the pending appraisal matter where the record owner has duly demanded appraisal of the shares;

III. Whether the lower court properly dismissed a complaint for appraisal of shares where there was no proof that the appellants had met the statutory appraisal requirements; and

IV. Whether the lower court properly dismissed a Complaint for Appraisal of shares filed in lieu of the re-

quired written demand for payment of the fair value of its shares.

## FACTS

On April 30, 1987, the Baltimore and Ohio Railroad Company (hereinafter "B & O") merged with its parent corporation, the Chesapeake and Ohio Railway Company (hereinafter "C & O") through a short form merger procedure under Section 3–106, Md.Corps. & Ass'ns.Code Ann. (1985 Repl.Vol.). Pursuant to section 3–106(d), a Notice of Approval of Merger and Information Statement was sent to each B & O stockholder of record on March 27, 1987. The statement notified the stockholders of the impending merger, and offered $124 per common share and $100 per preferred share.[1]

### A. *Midlantic National Bank and Robert C. Rooke*

On the date of the merger, appellants Midlantic National Bank and Robert C. Rooke, (hereinafter "Midlantic") as co-trustees, owned 1,850 shares of B & O. These shares were held in the name of its nominee, Cede & Company.[2] On April 16, 1987, in a letter to C & O's corporate secretary, Midlantic stated its objection to the merger with respect to all of its shares. On May 7, 1987, the Midlantic appellants filed with C & O and with the circuit court a Letter Petition asserting its appraisal rights with respect to all its shares, pursuant to Title 3, Subtitle 2, of the Corporations and Associations Article.

Notwithstanding Midlantic's stated objection to the merger and its intent to seek appraisal of its shares, Cede & Company tendered Midlantic's 1,850 shares to C & O. Mid-

---

1. The appellees contend that the reported book value of the shares was over $300 per share.

2. As co-trustees, appellant Midlantic National Bank and Robert C. Rooke owned 2,850 shares of B & O stock. Of these shares, 1,000 were under the appellants' direct control, and therefore, are not the subject of this appeal.

lantic discovered this "erroneous tender" on May 20, 1987, when its account was credited in the amount of $229,400. The Midlantic appellants, upon discovery of the erroneous tender, attempted to return the funds to C & O and repudiate the surrender of shares. C & O refused to repudiate the surrender and payment for the 1,850 shares on the grounds that C & O had acted in accordance with applicable law and was not responsible for the error or mistake in communication between Midlantic and its nominee.[3]

C & O moved to dismiss Midlantic's Letter Petition, averring that Midlantic had been paid in full for the shares tendered and could no longer avail itself of its remedies under the appraisal statutes. The motion was granted.

### B. *Charles Sornberger, et al.*[4]

i) On the date of the merger, appellant Prudential–Bache Securities, Inc. (hereinafter "Prudential–Bache"), an experienced securities company, was the registered owner of 2,020 shares of B & O. Of these shares, 300 were alleged to be beneficially owned by appellants Louise C. Trapp and Louise Stiloski (90 shares), Louise C. Trapp as custodian for Kevin Trapp (60 shares), Louise C. Trapp as custodian for Eileen Trapp (90 shares), and Louise C. Trapp and Charles Trapp as joint tenants (60 shares).[5]

Prudential–Bache surrendered its 2,020 shares to C & O and received payment in full for its shares at $124 per share. Alleging that it had made a mistake in tendering these shares, Prudential–Bache attempted to repudiate its

---

3. When C & O refused the requested repudiation, Midlantic placed the proceeds of the erroneous tender in a separate, interest-bearing account, to be held pending the resolution of this matter.

4. All the appellants under this section, with the exception of Capital Investors, Inc. and the possible exception of the Trapp appellants, filed appropriate objections and demands for payment of fair value.

5. The Trapp appellants allege that these shares were among those 2,020 shares for which Prudential–Bache instructed Cede & Company to object and demand; however, the Trapp appellants dispute the allegation that the shares are Prudential–Bache shares.

surrender. C & O refused to agree to the repudiation on the grounds that it had acted in accordance with applicable law and was not responsible for Prudential–Bache's mistake.

The court below granted the appellee's Motion to Dismiss, finding cause to do so regardless of whether the Trapp shares were Prudential–Bache shares.

ii) As of the date of the merger, appellant Advest, Inc. (hereinafter "Advest"), an experienced securities company, was the registered owner of 1,500 shares of B & O which it surrendered to C & O and for which it received payment in full at $124 per share. Advest attempted to repudiate this surrender, alleging erroneous tender. C & O refused to agree to the repudiation, again, averring that it had acted in accordance with applicable law and was not responsible for Advest's error.

C & O moved to dismiss Advest's complaint for appraisal of these shares on the ground that Advest had been paid for its shares and could no longer avail itself of the appraisal statutes. The court granted the motion.

iii) As of the date of the merger, appellant Cede & Company was the registered owner of 2,813 shares of B & O beneficially owned by appellants Over the Counter Securities Fund (635 shares), Wellington Trust Company of Boston (300 shares), Boston Safe Deposit & Trust Company (250 shares) and Mellon Bank (1,610 shares). Once again, miscommunication resulted in these shares being surrendered to C & O by Cede & Company at the rate of $124 per share. Cede & Company and the beneficial shareholders, all experienced securities companies, attempted to repudiate the surrender and receipt of payment, alleging that the shares were surrendered to C & O in violation of specific instructions given to Cede & Company. C & O again refused to agree to the repudiation, restating that it had acted in accordance with applicable law and was not responsible for the violation of specific instructions to Cede & Company.

The court granted C & O's Motion to Dismiss, stating that payment for the surrendered shares precluded application of the appraisal statutes.

iv) Capital Investors, Inc., (hereinafter "Capital") the record owner of 250 shares of B & O at the time of the merger, did not file a formal written demand for payment of the fair value of their shares, but rather served a copy of a Complaint for Appraisal seeking court determination of the fair value on C & O.

C & O moved to dismiss Capital's claim, averring that the demand for payment was invalid. The court granted its motion.

v) Finally, Cede & Company was the record owner of 2,980 shares of B & O beneficially owned by Charles F. Sornberger (2,610 shares), Norwich Radiology, P.C. Pension Fund (100 shares), Norwich Radiology, P.C. Profit Sharing Fund (210 shares), and Harriet M. Sornberger (60 shares).

These "Sornberger appellants" sought to intervene in the proceedings below on the grounds that as beneficial owners, they are the real parties in interest, and therefore should be permitted to intervene in the appraisal proceeding to "actively prosecute the matter." The court denied their request because it was untimely.

## I. ERRONEOUS TENDER

This first issue involves appellants Midlantic National Bank, Robert C. Rooke, Prudential–Bache, the Trapp appellants, Advest, Inc., Over the Counter Securities Fund, Wellington Trust Company of Boston, Boston Safe Deposit & Trust Company, Mellon Bank, and Cede & Company. All of these appellants allege that miscommunications resulted in the erroneous surrender of their shares by the record owners. The appellants sought to repudiate the surrender and payment of these shares and pursue their remedies under the appraisal statutes.

Section 3–208, Md.Corps. & Ass'ns Code Ann. (1985 Repl. Vol.), states, in part:

(a) Petition for appraisal.—Within 50 days after the Department accepts the articles for record, the successor or an objecting stockholder *who has not received payment* for his stock may petition a court of equity ... for an appraisal to determine the fair value of the stock. [Emphasis added].

The Midlantic appellants urge that this provision should be interpreted to mean "accepted or retained payment," rather than "received payment." The Midlantic appellants contend that since they never "accepted" payment for the shares, they should be permitted to proceed under the appraisal statutes.

While such a construction would certainly aid the Midlantic appellants in their action, we simply find no compelling reason to supplement the language of the appraisal statute to benefit the appellants.

In *Roselle Park Trust Co. v. Ward Baking Corp.*, 177 Md. 212, 9 A.2d 228 (1939), the Court of Appeals noted, in reviewing the appraisal statute, "that the provisions of the statute should be construed strictly...." *Id.* at 221, 9 A.2d 228. *See also, Ash v. Citizens Bldg. and Loan Ass'n*, 225 Md. 395, 401, 170 A.2d 750 (1961); *State Roads Comm'n v. Laurel Pines Country Club*, 256 Md. 605, 608, 261 A.2d 480 (1970); *Office & Professional Employees Int'l Union v. Mass Transit Admin.*, 295 Md. 88, 96, 453 A.2d 1191 (1982).

Accordingly, construing the provisions of the statute strictly, the appellants' attempt to obtain a court appraisal of their shares was properly dismissed. Having received payment for their shares, albeit through erroneous surrender of the shares, the appellants are not eligible under the appraisal statute to pursue appraisal remedies.

The circuit court further noted that the Maryland Uniform Act for the Simplification of Fiduciary Security Transfers clearly delineates the legal efficacy to be accorded a fiduciary transfer. Section 15–303 of that Act, located in

the Estates and Trusts article of the Maryland Code Annotated, states:

> Except as otherwise provided in this subtitle, a corporation or transfer agent making a transfer of a security pursuant to an assignment by a fiduciary
>
> (a) May assume without inquiry that the assignment, even though to the fiduciary himself or his nominee, is within his authority and capacity and is not in breach of his fiduciary duties;
>
> (b) May assume without inquiry that the fiduciary has complied with any controlling instrument and with the law of the jurisdiction governing the fiduciary relationship, including any law requiring the fiduciary to obtain court approval of the transfer; and
>
> (c) Is not charged with notice of and is not bound to obtain or examine any court record or any recorded or unrecorded document relating to the fiduciary relationship or the assignment, even though the record or document is in its possession.

Md. Est. & Trusts Code Ann. § 15–303 (1974).[6]

 This provision plainly states that it is not a corporation's duty, when accepting a transfer from a fiduciary, to verify that transfer with the principal. Such a requirement would not only be burdensome, but also it would defeat the whole purpose of a fiduciary relationship. Since the fiduciary is a representative of the principal's interests in the transaction, the corporation is entitled to rely on the representations made by the fiduciary notwithstanding previous contrary indications by the principal. This court cannot impose a duty on the corporation which is wholly inconsistent with the General Assembly's stated intent.

 Accordingly, we hold that the lower court did not err in dismissing the action for appraisal of the shares which

---

6. Section 15–301(e) of that subtitle defines "fiduciary" as an "executor, administrator, trustee, guardian, committee, conservator, curator, tutor, custodian, or nominee."

allegedly were erroneously surrendered. C & O did not owe these appellants any duty other than payment for those shares surrendered. C & O fulfilled its duty. The appellants may not be heard to complain now for their fiduciaries' errors.[7]

## II. INTERVENTION

■ The Sornberger appellants, consisting of Charles F. Sornberger, Norwich Radiology, P.C. Pension Fund, Norwich Radiology, P.C. Profit Sharing Fund, and Harriet M. Sornberger, are the collective beneficial owners of 2,980 shares of B & O. The record owner of these shares, Cede & Company, filed objections and demands for payment of fair value with respect to these shares. The Sornberger appellants seek to intervene in the appraisal proceeding, also initiated by Cede & Company, contending, alternatively, that they are entitled to do so, either as a matter of right or as a matter of discretion.

The circuit court denied their motion to intervene on the ground that they had failed to comply with the requirements of the appraisal statute. Section 3–208(a) of the Md. Corps. & Ass'ns Code Ann. establishes a 50 day limitation period for initiating an appraisal action. Since the appellants' motion to intervene was filed over one year after the statutory period expired, the court found that the appellants' motion was untimely and dismissed the motion.

Maryland Rule 2–214 states that a party may intervene as of right "upon timely motion." Rule 2–214(b), which governs permissive intervention, also imposes the "timely motion" prerequisite to intervention. Since the trial court has broad discretion in ruling on a motion to intervene, our standard of review is to determine whether the trial court

---

7. The appellants argue, also, that they should be permitted to proceed upon a theory of mutual or unilateral mistake. There is no basis for finding mutual mistake. As for unilateral mistake, that theory does not lack plausibility. Section 15–303(c), however, because it permits the corporation to rely on representations made by the fiduciary, belies its effectiveness in this context.

abused its discretion in determining that the Sornberger appellants' motion to intervene was untimely. *Montgomery County v. Ian Corp.*, 282 Md. 459, 465, 385 A.2d 80 (1978). "Resolution of the timeliness question 'is dependent upon the individual circumstances of each case and rests in the sound discretion of the trial court, which, unless abused, will not be disturbed on appellate review.' " *Hartford Ins. Co. v. Birdsong*, 69 Md.App. 615, 623, 519 A.2d 219 (1987), *aff'd on reconsideration*, 78 Md.App. 343, 553 A.2d 251 (1989) (*quoting Maryland Radiological Soc'y, Inc. v. Health Services Cost Review Comm'n*, 285 Md. 383, 388, 402 A.2d 907 (1979)).

The Court of Appeals, in *Maryland Radiological Soc'y, supra*, fashioned a framework by which trial courts should assess the timeliness of an intervention motion, taking into account:

1) the purpose for which intervention is sought;

2) the probability of prejudice to the parties already in the case;

3) the extent to which the proceedings have progressed when the movant applies to intervene; and

4) the reason or reasons for the delay in seeking intervention.

*Maryland Radiological Soc'y*, 285 Md. at 388–89, 402 A.2d 907.

Notwithstanding the lower court's correct observation that the Sornberger appellants failed to meet the mandatory time requirements of the Maryland appraisal statutes, the appellants have also failed to state any reason for their delay in seeking intervention. The appellants have not cited any reason why they were not able to assert their appraisal rights in a timely fashion. Further, they have not set forth any change in circumstance that makes their legal representation in the appraisal action through Cede & Company inadequate, thereby necessitating intervention.

Under the circumstances, we hold that the trial court did not abuse its discretion in thwarting the Sornberger appel-

lants' attempts to circumvent the mandatory language of the appraisal statutes.

## III. THE TRAPP APPELLANTS

The circuit court dismissed the complaint for appraisal of the shares beneficially owned by appellants Louise C. Trapp and Louise Stiloski, Louise C. Trapp as custodian for Kevin Trapp, Louise C. Trapp as custodian for Eileen Trapp, and Louise C. Trapp and Charles Trapp. These appellants claim that their shares were in the record name of Cede & Company and that the proper objections and demands for payment were made for these shares. The appellee contends that these shares were included in the shares erroneously tendered to C & O by Prudential–Bache.

The circuit court acknowledged this dispute and granted the motion to dismiss, stating:

(1) in the event that the shares *are* those tendered by Prudential Bache, the appraisal remedy is foreclosed by their tender or (2) in the event that the shares are *not* the Prudential Bache shares, it is uncontroverted that no timely demand and/or objection has been received.

Having addressed already the first prong of the court's analysis, we turn our attention to the second prong. The court's conclusion under the second prong is a finding of fact that we may not disturb unless clearly erroneous. *Smith v. Gehring*, 64 Md.App. 359, 367, 496 A.2d 317 (1985); *Teddy–Rose Enterprises, Inc. v. Hartford Fire Ins. Co.*, 48 Md.App. 466, 427 A.2d 1081 (1981); *Baldi Constr. Eng'g., Inc. v. Wheel Awhile, Inc.*, 263 Md. 670, 284 A.2d 248 (1971); *Harford Sod Co. v. Randall Dev. Corp.*, 264 Md. 214, 285 A.2d 656 (1972); *Cosden v. Mercantile–Safe Deposit & Trust Co.*, 41 Md.App. 519, 398 A.2d 460 *cert. denied*, 444 U.S. 941, 100 S.Ct. 295, 62 L.Ed.2d 308 (1979); *Schmidt v. Chambers*, 265 Md. 9, 288 A.2d 356 (1972); *Colburn v. Colburn*, 15 Md.App. 503, 292 A.2d 121 (1972). Moreover, it is the appellants' burden to establish error. *Smith v. Gehring*, 64 Md.App. 359, 367, 496 A.2d 317 (1985); *DWS Holdings, Inc. v. Hyde Park Assocs.*, 33

Md.App. 667, 672–73, 365 A.2d 554 (1976); *Drury v. Pashen*, 227 Md. 181, 187, 175 A.2d 771 (1961); *Margolis v. Joh and Furman*, 243 Md. 216, 217, 220 A.2d 542 (1966).

The appellants contend that the court improperly dismissed their effort to obtain appraisal of their shares because the appellee failed to submit proof that the appellants were not the beneficial owners through Cede & Company. It is not the appellee's burden, however, to prove that the Trapp appellants were not the owners. Rather, is it the Trapp appellants' burden to prove that they are the owners. *See Drury v. Pashen*, 227 Md. 181, 187, 175 A.2d 771 (1961). Further, the appellants bear the burden of establishing that timely objections and demands for payment of fair value were filed on their behalf.

Other than their bald assertions that timely objections, demands for payment of fair value, and a Complaint for Appraisal of their shares were "duly filed," the Trapp appellants have presented no evidence to sustain their burden of establishing clear error on the part of the circuit court. The appellants' suggestion that "[n]aturally, of course, appropriate affidavits could be obtained from the broker involved and from the above [Trapp] parties with respect to said shares," is not sufficient to sustain their burden. Accordingly, the circuit court was not clearly erroneous and the Trapp appellants' complaint was properly dismissed.

## IV. COMPLAINT FOR APPRAISAL IN LIEU OF WRITTEN DEMAND

It is conceded by appellant Capital Investors that it did not submit to C & O a written demand for payment of its 250 shares as required by Section 3–203(a)(3), Md. Corps. & Ass'ns. Code Ann. (1985 Repl.Vol.). Capital Investors contends, however, that the Complaint for Appraisal it filed within the statutory time period acted as the functional equivalent of the written demand, and therefore, the circuit court improperly dismissed the complaint.

The court stated that a complaint may not substitute for a written demand. As the court correctly noted, there are three basic steps required for a stockholder who objects to a merger to perfect an appraisal remedy in Maryland: 1) Pursuant to section 3–203(a)(1) of the Corporations and Associations article, the shareholder must give the corporation written notice of objection to the merger within 30 days after notice of the merger is given; 2) Under section 3–203(a)(3), the shareholder must make a demand of the successor corporation for payment of fair value for the shares within 20 days after the State Department of Assessments and Taxation accepts the articles of merger for record; and 3) Under section 3–208(a), the shareholder must file a petition for appraisal of the fair value in the appropriate court within 50 days after the acceptance of the articles of merger.

Capital Investors failed to comply with Step Two of this process. Now, Capital Investors would like this court to state, as a matter of law, that so long as Step Three is performed within the mandatory time constraints of Step Two, then compliance with the terms of Step Two is not necessary. We respectfully decline. The language of the three-step appraisal remedy process is specific, and does not tolerate deviation from its terms. It is not our prerogative to take a procedure that is specifically provided in the Corporations and Associations article and alter it to accommodate the appellant. Any alteration must come from the General Assembly, and not this court. Thus, we are compelled to agree with the wisdom of the lower court: a complaint cannot serve as a substitute for a demand.

## CONCLUSION

Accordingly, we hold that the circuit court properly dismissed the actions and properly disallowed intervention. The mandatory language of the appraisal statutes compels no other result.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY THE APPELLANTS.