## SEVEN ONE SEVEN TIRE SERVICE v. FIRESTONE TIRE & RUBBER CO. (No. 8864.)

(Court of Civil Appeals of Texas. Galveston. Oct. 14, 1926. Rehearing Denied Nov. 10, 1926.)

1. **Principal and agent** ⬰101(1)—**Verbal agreement by factory representative to furnish salesman was not binding, where written agreement appointing dealer provided that no agreements with factory's representatives should be binding.**

   Counterclaim could not be maintained for breach of verbal agreement between dealer and factory representative that factory would furnish salesman to help sell goods purchased, where written agreement between factory and dealer appointing dealer as its tire service dealer expressly provided that no agreement between dealer and factory representatives should be binding upon factory.

2. **Libel and slander** ⬰76—**Counterclaim for alleged libelous letters held barred by one-year limitation (Rev. St. 1911, art. 5685).**

   Counterclaim, in suit by factory against dealer to recover price of automobile tires sold, for factory's circulation of alleged libelous letters, being declared upon for first time more than one year subsequent to alleged circulation thereof, was subject to plea of limitation, in view of Rev. St. 1911, art. 5685.

3. **Principal and agent** ⬰78(1)—**In suit by factory to recover price of tires sold dealer, counterclaim alleging factory's breach of contract by selling tires in competition was proper.**

   Where tire factory had appointed defendant its tire dealer for certain period and brought suit against dealer for tires and accessories sold under contract, dealer's counterclaim for damages for factory's breach of contract by selling direct to consumers at same or lower prices than dealer's cost was properly pleadable in set-off against factory.

Error from District Court, Harris County; Roy F. Campbell, Judge.

---

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by the Firestone Tire & Rubber Company against the Seven One Seven Tire Service, in which the defendant filed a counterclaim. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Cline & Waugh and Allen Hannay, all of Houston, for plaintiff in error.

Palmer Hutcheson, St. John Garwood, and Baker, Botts, Parker & Garwood, all of Houston, for defendant in error.

GRAVES, J. The Firestone Company, defendant in error, sued the S. O. S. Tire Service, plaintiff in error, for $3,115.95, for automobile tires and accessories alleged to have been sold to it pursuant to three contracts of sale and purchase between the two corporations, all dated November 13, 1923, sworn copies thereof being attached as exhibits to the petition.

In answer, the Tire Service admitted the cause of action so declared upon against it, except to the extent that same might be defeated by facts thereafter alleged by it, and then plaintiff in error pleaded in offset certain counterclaims of damage, the first one based upon the defendant in error's alleged breach of the written contracts its claims arose out of, the second one upon the violation by defendant in error of an alleged subsequent verbal contract between the parties, whereby the Firestone Company agreed to furnish the Tire Service a salesman to aid the latter in making sales of the goods sold it, and the third and last one upon certain alleged efforts of defendant in error to ruin the business of plaintiff in error, accompanied by two alleged libelous letters it was charged to have written and circulated on February 2, 1924.

The defendant in error filed a plea in abatement to this cross-action of the Tire Service, alleging that none of the matters therein pleaded in offset were proper subjects of counterclaim against its suit, that those based on the subsequent verbal contract to the declared-upon written contracts between the parties, as well as those charging efforts upon its part to injure the business of its opponent, had not been made in good faith, but for the purpose of conferring jurisdiction over the claims upon the court, also adding demurrers and exceptions to and a motion to strike out the cross-action because of its claimed insufficiency in law.

Hearings were had by the court upon the plea in abatement at which evidence was heard, and upon the demurrers and motion to strike out, and all were sustained, the plea in abatement being first so ruled upon; judgment was then rendered in favor of the defendant in error for the full amount of its debt.

The Tire Service presents this appeal, under which it challenges as error the ruling sustaining the plea in abatement and striking out its cross-action.

We think the appeal is well taken, and that the cause must be retried in accordance with these conclusions:

[1] (1) The counterclaim resting upon the alleged verbal agreement of defendant in error to furnish a salesman to aid the Tire Service in disposing of the goods sold to it, of date subsequent to the written contracts between the parties of November 13, 1923, is not maintainable, because the contracts expressly provided that they expressed the entire agreement between the parties, were not subject to oral agreement at all, nor to additional written one unless indorsed thereon by the Firestone Company at its home office in Ohio, and that no agreements of any sort between the company's representatives and the dealers in its goods, whether written or verbal, should be binding upon the company.

[2] (2) The claims resting upon the circulation of the alleged libelous letters of February 2, 1924, were subject to the plea of limitation interposed against them, being declared upon for the first time more than one year subsequent to the alleged circulation thereof, and hence, since their purport was to charge libel, coming under the ban of R. S. article 5685.

(3) In response to the averments of the plea in abatement to that effect, the trial court's judgment in sustaining it imports the finding that the claims based on the alleged agreement to furnish the salesman, and on the writing of the two letters and the other efforts to injure the Tire Service concern's business, were not, in fact, true, and there is no complaint, by assignment or otherwise, that the court was not authorized to so find from the evidence.

[3] (4) The counterclaim based upon the alleged failure of the defendant in error to carry out the real undertaking it entered upon with the plaintiff in error under the three contracts it declared upon of November 13, 1923, was, however, if true, a proper subject of offset against the plaintiff's suit; both claims grew directly out of the contracts, both parties relied upon and made parts of their pleadings by the attachment of copies of them thereto. Under this claim the Tire Service declared the meaning of the contracts to be the establishment of the relation of manufacturer and dealer between the parties, that the Firestone Company, as the manufacturer, therein recognized the Tire Service as its "service dealer," or "service station dealer," and as such agreed to sell it the manufactured products at "preferred wholesale" or "service dealer" and "service station dealer" list prices, that is, such lower prices than would be offered the general consuming public as would enable the Tire Service concern to make a profit by retailing the goods to the general consuming public; that, in return for this kind of an agreement upon its part, the Firestone Company exacted of the Tire Service company its agreement to carry

insurance in the former's favor on the stock it might have from time to time, and buy from it and keep on hand an adequate stock of the former's goods to meet the requirements of the latter's customers, to vigorously push the sale and distribution of the Firestone Company's goods, and advertise the same and keep in a conspicuous place Firestone signs in furtherance of such efforts.

It was further alleged that the two contracting parties had, under their relations with each other, so mutually interpreted the purport and effect of these contracts between them; that the terms therein used had that meaning, as interpreted and understood by the trade generally, and that in violation of that part of the contract the defendant in error had, after the plaintiff in error had accumulated a considerable stock of such goods and had built up a good trade therein and was making, and would have continued to make, considerable profit and returns upon such business, ignored these agreements and entered into competition with plaintiff in error by selling directly to the general consuming public, during the pendency of their contractual relations, the same goods at the same or less prices than they had so contracted to sell them to the Tire Service Company, and in that way materially undermined, injured, and damaged the latter's business.

We think this the reasonable construction of the contracts involved. and that these averments charged a proper counterclaim against the defendant in error's suit, hence it was error for the trial court to sustain the plea in abatement and exceptions thereto and so cut the plaintiff in error off from offering evidence in support thereof; this claim of damage grew directly out of the contracts declared upon by the Firestone Company as giving rise to the items it sought recovery for, and therefore was properly pleadable in set-off against them.

Pursuant to these conclusions, the judgment will be reversed and the cause, in so far as concerns the claim last referred to, remanded for trial upon its merits.

Reversed and remanded.