## MILES v. McGRATH.
### No. 5005.

District Court, D. Maryland.

Feb. 13, 1933.

Cook & Markell, of Baltimore, Md., for plaintiff.

Simon E. Sobeloff, U. S. Atty., and Charles G. Page, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

The question presented in this case may be briefly stated as follows: May a private citizen maintain an action of libel against an officer of the United States Navy for alleged defamatory statements made regarding such citizen, in a written communication from such officer to one of his superiors?

The matter arises on a demurrer to the declaration. The jurisdictional averments are sufficient. There are a number of grounds set out in the demurrer, the first one of which raises a question which goes to the crux of the whole case. Are the statements libelous? The court concludes as to that point that, whereas there seems to be some doubt as to the libelous character of some of the statements relied upon by counsel for the plaintiff, as to others, if we take them with their full implication, namely, that this lady, a private citizen, was supposed to be addicted to the drug habit, then the court concludes that those statements are of themselves libelous, if untrue.

The second ground alleged in the demurrer is that the suit is barred by the one-year limitation statute of Maryland expressly applicable to actions "for words" (Maryland Code, article 57, § 1), which, in the absence of a decision of the Court of Appeals of Maryland to the contrary, we must assume is applicable alike to slanderous statements, whether oral or written. The declaration alleges that the libelous letter was composed and published on or about the 28th of January, 1931, "throughout many of the various offices of the United States Navy Department in the District of Columbia and of the fleets of the United States Navy generally and elsewhere."

The statute of limitations of the forum controls, unless the law of the place where the cause of action arises expressly makes it a condition of the particular, statutory right to sue that it shall expire after a definite period of time. Brunswick Terminal Co. v. National Bank of Baltimore (C. C. A.) 99 F. 635, 48 L. R. A. 625; Id., 178 U. S. 611, 20 S. Ct. 1029, 44 L. Ed. 1215. An action for libel not being statutory or special, but merely one of the very old, unlimited common-law actions, if the action is barred by the statute of limitations of the forum, no action can be maintained there, although an action may not be barred in the jurisdiction in which the cause of action arose. And conversely, if the action is not barred by the law of the forum, an action may be there maintained, although barred in the jurisdiction where the cause of action arose. McCluny v. Silliman, 3 Pet. 270, 7 L. Ed. 676; Munos v. Southern Pacific Co. (C. C. A.) 51 F. 188; Illinois Power & Light Corp. v. Hurley (C. C. A.) 49 F.(2d) 681. Since the present suit is an action for words libelous per se, the time begins to run from the date of publication, which, as we have seen, was on or about January 28, 1931. Seven One Seven Tire Service v. Firestone Tire & Rubber Co. (1926, Tex. Civ. App.) 288 S. W. 558; compare Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228; W., B. & A. E. R. Co. v. Moss, 130 Md. 204, 100 A. 86; see, also, Odgers on Libel and Slander (6th Ed.) p. 492. The only place where the alleged libel is definitely alleged to have been published is the District of Columbia, where a statute provides the same period of limitations as that in Maryland (Code of District of Columbia 1929, Title 24, c. 12, § 341), and it has been locally construed to bar the remedy only. Talbot v. Hill, 49 App. D. C. 96, 261 F. 244 (1919); Hall v. District of Columbia, 47 App. D. C. 552 (1918).

Since defendant was not summoned until November 18, 1932, it follows that the Maryland statute is a complete bar to the present action, unless it has been tolled. Section 5 of article 57 of the Maryland Code provides that the statute of limitations is tolled unless a year has passed between the time the defendant has been present and suable in the state of Maryland and the time the action is brought. While this provision has been construed to apply even though both parties are nonresidents of the state, Mason v. Union Mills, 81 Md. 446, 32 A. 311, 29 L. R. A. 273, 48 Am. St. Rep. 524, and while the conformity statute (28 USCA §§ 724, 725) makes it applicable to the present suit,

Bauserman v. Blunt, 147 U. S. 647, 13 S. Ct. 466, 37 L. Ed. 316; Wadlow v. Rose (C. C. A.) 20 F.(2d) 662, the plaintiff cannot invoke it, because, although the declaration discloses that the defendant was in Cuba at the time of the alleged libel, there is no averment that he did not return to Maryland before the 18th of November, 1931. The Maryland statute of limitations having been pleaded in order to prevent its being a bar, a clear and positive averment must be made that the defendant did not reside in the state more than one year prior to the institution of the suit. Patterson v. Safe Deposit & Trust Company of Baltimore (C. C. A.) 148 F. 787. Accordingly, the demurrer to the declaration must be sustained on this ground.

We, however, need not, and we prefer not to, sustain the demurrer on this ground alone because of the character of the question involved. Taking up, then, the other grounds of the demurrer, they may be summarized as follows: That a naval officer's communications are absolutely privileged, regardless of the motive, provided they are, first, authorized by law; second, made in the course of duty; and, third, the statements complained of are germane to the subject-matter involved in the communications.

In view of what the Supreme Court said in the case of Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 40 L. Ed. 780, we cannot escape the conclusion that this last contention of the defendant embraces a correct statement of the law. Therefore the question before the Court is simply this: Do these three prerequisites exist in the present case? Because, if they do, then the demurrer is well taken, and the suit cannot be maintained, irrespective of the statute of limitations.

Turning, therefore, to these questions in the order in which they are stated, we take up the first one, namely, Was the communication that is the basis of this suit authorized to be made? That is, was there legal authority for it? The question arising on demurrer, the court must decide it on the pleadings as a whole, and there is no allegation of lack of authority.

Secondly, was the communication made in the course of duty? There, again, there is nothing in the pleadings to indicate that it was not. On the contrary, the caption of the communication is that it is from Lieutenant Commander L. W. McGrath, Medical Corps, United States Navy, to Capt. W. R. Van Auken, United States Navy: "Subject, statement pertaining to station affairs; reference,

your verbal order this date; enclosure, pertinent papers." Without quoting the text of the letter, suffice it to say that there appears to the court to be nothing in the letter to indicate that it was not an attempt to comply with the order that is referred to in the caption, and, in the absence of some very definite showing in the pleadings that this officer was acting outside the scope of his authority, we must conclude that he was acting within it. For example, he ends his communication by saying, "In conclusion, I am of the opinion as Senior Medical Officer of this Station that Commander A. H. Miles, United States Navy," etc. In other words, the whole tenor of the communication is that this officer was making this communication in response to a request therefor.

As was pointed out in the argument, there may not have been full compliance with what we may call "the red tape" of the service with respect to the transmission of this document, but for the purpose of our immediate inquiry we must assume, from aught that appears in the pleadings, that any merely technical defects have been waived, or cured by acceptance and treatment as entirely regular.

Then we come to the last question: Are the statements complained of germane to the subject? This inquiry is very essential. An absolute privilege should not be allowed to extend to any form of irrelevant statement, regardless of the motive, made by some one in the service, under the guise of performing an official duty. The argument is made that there was no reason for drawing Mrs. Miles, the wife of the officer, into this communication, and that thus any reference to her or to her health, or to her alleged mental or physical weakness, was entirely gratuitous, and therefore not germane to the subject of the communication, assuming the latter to have been otherwise official and within the line of the writer's duty. With that argument we do not concur, because, when the communication is studied, it appears that the writer seeks to support his contention that Commander Miles is unfit for duty by showing that the plaintiff, his wife, due to her alleged unfortunate condition, has contributed towards his inability properly to perform his official functions. In short, the basis of the inquiry as it appears from the letter is that things have not gone right at the station, and Lieutenant Commander McGrath claims that they are largely due to the inefficiency of the person about whom he is writing, and endeavors, whether right-

ly or wrongly, maliciously or otherwise, to point out that the condition of the latter's wife has aggravated his incompetency, as well as contributed to the general aggravation of the unsatisfactory condition of affairs.

If that be the situation, and it must be taken to be from the pleadings, then certainly it cannot be said that the remarks complained of are gratuitous and irrelevant. They must be taken as having at least some connection with the subject of the inquiry. Whether true or necessary is not a question now to decide.

Having thus found that these three prerequisites to an absolute privilege exist, we are forced to the conclusion, as we have just said, that what the Supreme Court has announced in the Vilas Case is binding upon this court. We are mindful of what may seem to be variances, as counsel for the plaintiff have pointed out, between some of the earlier and later decisions of the Supreme Court, but each may be distinguished by its own facts. For example, in White v. Nicholls, 3 How. 266, 11 L. Ed. 591, the precise question here presented did not arise. And, while it is true that the facts in the Vilas Case are not on all fours with those here, we must read that case in its broad sense; and, doing that, there is no escape from applying its principle to the present inquiry.

We are also mindful of the fact that the Vilas decision dealt with the head of an executive department, the Postmaster-General, whereas here we are dealing with an officer in the Navy. However, if the ruling in the Vilas Case means anything, it extends to other properly constituted branches of the Executive Department, including the Army and the Navy. Such is the English rule, and the court in the Vilas Case relied upon the English decisions.

Of course, it is not necessary to decide exactly how far the principle should go. But to limit the principle in the Vilas Case to the exact facts of that decision would be a much too narrow construction. If we are to say that the heads of administrative departments are to be saved, as the Supreme Court said in that case, from an apprehension that the motives that control their official conduct may at any time become the subject of inquiry in a civil suit for damages, it is difficult to see why that principle does not apply to the Army or the Navy in confidential communications of the present character. It is not for the court to determine the merits of those com-

munications. It is not for the court to determine the relative importance of the executive arm that is brought into the controversy; but merely to apply the principle that underlies this branch of the law.

We are further aware of the fact, which has been stressed, that in the Vilas Case the action was not styled an action for libel; but that is not material. The Supreme Court announced a principle relating to an action for alleged defamatory expressions; so we should not strain over a mere form of action, when the result produced would be the same as in the Vilas Case, no matter what we call the form of action.

With respect to the case of Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439, which has been so urgently stressed in argument, there is nothing in that decision which qualifies the Vilas Case, since in the Nalle Case a decision was not given upon our precise question because not necessary; and, furthermore, the case may be distinguished on the ground that there the court was not dealing with one of the primary arms of the government, but with the school board of the District of Columbia. There is a very definite distinction between granting an absolute privilege to all governmental officials of whatever kind, and granting it only to those in the major executive branches of the government. In view of the aspect which the court takes of the Supreme Court cases, it becomes unnecessary to analyze the other cases to which reference has been made.

It has been said in argument that such a rule as is here announced is harsh, and an unwarranted extension of the law as previously laid down. We are told that it is shocking to one's sense of fair play that a citizen should not have a right of action against a member of the military or naval forces of the country, if he or she feels and can prove that such a member has caused to be disseminated statements derogatory of his or her character. At first blush, such restriction may appear to be extreme, but suffice it to say that the Supreme Court appears to have settled the question on the ground of broad public policy; and, unless and until we are satisfied that the Supreme Court did not say, or did not mean to say, what we think it did, the conclusion of this court must be as just outlined.

An order will be signed in conformity with the opinion just expressed; that is, the demurrer will be sustained, with leave to amend the declaration.