**John N. FLOOD and Catherine Flood,
Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellee.**

**No. 71-1329.**

United States Court of Appeals,
Ninth Circuit.

Oct. 20, 1972.

John N. Flood, in pro per.

William A. Friedlander, Atty. (argued), Meyer Rothwacks, Thomas L. Stapleton, Mary J. McGinn, Attys., Fred B. Ugast, Acting Asst. Atty. Gen., Johnnie M. Walters, Asst. Atty. Gen., Tax Div., K. Martin Worthy, Chief Counsel, IRS, Washington, D. C., for respondent-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and PREGERSON, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

The Tax Court denied petitioners' request for special leave to file a motion to vacate two Tax Court decisions which had become final in 1962, seven years earlier. Dr. and Mrs. Flood had not appealed the 1962 decisions, which had been based on settlement stipulations signed by their attorney of record at that time. In their motion for special leave, they urged that their attorney had perpetrated a fraud upon the court by entering into the stipulations knowing that the petitioners did not owe the largest part of the taxes involved, and also that he signed them without authority.

The Tax Court granted petitioners a full and fair hearing on their claims. After giving careful consideration to the briefs and oral argument of petitioners, we conclude that the Tax Court did not abuse its discretion in denying the motion for special leave.

The stipulations upon which the Tax Court decisions were based were entered into by a lawyer to whom the Floods had

* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.

given a general power of attorney. The record of the most recent Tax Court hearing, from which this appeal is taken, demonstrates beyond question that petitioners were well represented in 1962 by skilled tax counsel, an expert in the field. Acting under a general power of attorney, he settled the tax claim against the Floods on the basis of a recent Supreme Court decision. Petitioners' criticism of their former counsel is completely unwarranted.

Affirmed.