Ophelia GREEN, Plaintiff-Appellant,

v.

William H. JAMES, Defendant-Appellee.

No. 72-1129.

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1973.

David L. Turk, Kahului, Hawaii (argued), David C. Schutter, Honolulu, Hawaii, for plaintiff-appellant.

Thomas P. Young, Asst. U. S. Atty. (argued), Joseph M. Gedan, Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for defendant-appellee.

Before ELY, CHOY and WALLACE, Circuit Judges.

CHOY, Circuit Judge:

Appellant Green is a civilian employed as a practical nurse in the dispensary at Schofield Barracks, an Army post. While driving to work within the post one day, she passed another vehicle, the driver of which began incessantly blowing his horn. Green stopped her car to see if the driver was in any trouble. The driver dismounted, approached her and, according to Green, began to berate her, violently accusing her of speeding 30 miles per hour in a 25 mile zone. The driver was in mufti but identified himself as Colonel James. Green alleges that James appeared to be drunk and unable to control his temper. This episode frightened and upset her but she continued to the dispensary to work.

A short while later, she was visited at the dispensary by James. He again vilified Green, this time in the presence of her co-workers. He then allegedly used his rank to have a speeding ticket issued to her. Green became physically ill because of this second encounter.

Green filed suit in a Hawaii state court for assault, intentional infliction of emotional distress, abuse of process, malicious prosecution, slander and defamation of character. The suit was removed to the federal district court because it involved a federal employee who claimed he acted under color of office. After interrogatories were taken, James moved that the suit be dismissed, contending that as an officer and an adjutant general in the Army he had absolute immunity. The district court granted the motion and dismissed the action, 333 F.Supp. 1226. Green appealed. We reverse.

In Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Supreme Court expanded the doctrine of absolute immunity of government officials to include lower level federal officials. In a companion case, Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959), it was decided that a Navy officer could assert the defense. Thus, Col. James can assert the defense, but immunity is afforded only in those instances where the official in question (1) was acting within the outer perimeter of his official duties and (2) was performing discretionary (as opposed to ministerial) acts. Barr v. Matteo, supra at 575, 79 S.Ct. 1335; Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narc., 456 F.2d 1339, 1342–1343 (2nd Cir. 1972); Doe v. McMillan, 148 U.S.App.D.C. 280, 459 F.2d 1304, 1317 (1972), cert. granted, 408 U.S. 922, 92 S.Ct. 2505, 33 L.Ed.2d 332 (1972).

On the record before us, James has not proven that the immunity defense shields his actions. Absolute immunity like other affirmative defenses must be pleaded and proved by the party asserting the defense. Morgan v. Willingham, 424 F.2d 200, 202 (10th Cir. 1970); F.R.Civ.P. 8(c). James must prove more than that he was acting under color of office. The fact that the

case was removed from a state court to a federal court does not necessarily prove that the absolute immunity defense applies. Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

 In attempting to show that his actions were within the scope of his authority, James relied on two Army regulations. But these regulations do not support the contention that the enforcement of traffic rules is within the scope of his duties. The first of these regulations,[1] AR 633–1, permits Army personnel to assist in law enforcement, but only when a felony or misdemeanor *amounting to a breach of the peace* is being committed in his presence. (emphasis added). Simply going 30 miles per hour in a 25 mile zone [2] as in this case did not amount to a breach of the peace. Restatement of the Law of Torts, (Second) Sec. 116 (1965). The second regulation, FM 101.5 contains a detailed list of the duties of an adjutant general. Nothing in the three-page list of duties even suggests that the enforcement of military law in general, or traffic rules in particular is one of the functions of that office. The absence of this duty in such a detailed list implies that James' alleged acts were outside the scope of his authority. However, we do not here intimate any view on the merits of this issue. James may be able to prove that he was acting within the scope of his duties. Sulger v. Pochyla, 397 F.2d 173 (9th Cir.), cert. denied, 393 U.S. 981, 89 S.Ct. 451, 21 L.Ed.2d 442 (1968). On the record before us he has not done so.

■ But even if James can show that his acts were within the scope of his authority, he must also prove that he was performing "discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority." Barr v. Matteo, *supra*, 360 U.S. at 575, 79 S.Ct. at 1341; Norton v. McShane, 332 F.2d 855, 859 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). In the light of *Bivens, supra,* it is not clear that James was performing a sufficiently discretionary function to warrant the protection of the immunity defense, but we do not here decide this issue either.

Reversed and remanded for further proceedings.

---

1. AR 633–1 reads in pertinent parts as follows:

   *Persons not subject to military law* may be apprehended or restrained by members of the Department of the Army, other than in foreign countries, as follows:

   a. *General.* All members of the Depart of the Army have the ordinary right and duty of citizens to assist in the maintenance of peace. Where, therefore, a felony or a misdemeanor amounting to a breach of the peace is being committed in his presence, it is the right and duty of every member of the military service, as every civilian, to apprehend the perpetrator.

2. James alleged that Mrs. Green was speeding but she denies this allegation.