**Paul M. LEIGHTON, Plaintiff,**

v.

**Robert PETERS, Defendant.**

**Civ. No. 72–3713.**

United States District Court,
D. Hawaii.

April 3, 1973.

David L. Turk, Law Offices of David C. Schutter, Honolulu, Hawaii, for plaintiff.

Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for defendant.

SAMUEL P. KING, District Judge.

Plaintiff was a Seaman in the United States Navy assigned to Fox Division within the Weapons Department aboard the USS WHIPPLE (DE–1062). Defendant was the Weapons Officer aboard that vessel.

Plaintiff brings this diversity tort action against defendant seeking compensa-tory and punitive damages because of defendant's conduct toward plaintiff from about January 1972 to about August 1972, during a period when the USS WHIPPLE was in the Western Pacific in support of United States naval operations off Vietnam.

The gravamen of plaintiff's claim is that defendant maliciously and without authority ordered plaintiff placed on the watch bill to stand a bridge watch underway on April 30, 1972, at a time when plaintiff was in a "light duty" status as a result of a medical condition, with the result that plaintiff's medical condition was aggravated causing plaintiff severe and prolonged physical and mental suffering.

Plaintiff had contracted epididymitis earlier in April, had been placed on the binnacle list on April 25th, and had been taken off the binnacle list and made available for "light duty" on April 30th. Defendant ordered plaintiff placed on the watch list after a telephone conversation with Chief Almos of the ship's medical department prompted by the sight of plaintiff sunning himself on the ship's weather deck and apparently normally ambulatory.

Defendant denies being told by Chief Almos that plaintiff should not stand any watches. After the event, plaintiff wound up back on the binnacle list, and Chief Almos on May 3rd filled out a consultation sheet requesting the assistance of the medical officer of the USS PIEDMONT and giving the following clinical record:

> This 20 y/o SN has been under treatment for epididymitis since 25 Apr 72. Improved to a point where on 30 April was placed on light duty, but was placed on watches against the advice of this MDR. This aggravated condition where patient was again placed on Bedrest and supportive treatment. He has not improved during the past three days to any reasonable amount. Please evaluate and treat. Thank you.

Plaintiff alleges that the ex post facto entry on this consultation sheet evidences

an order by the medical department that plaintiff was not to be placed on watches which order had the effect of removing from defendant any authority defendant might otherwise have had to order plaintiff to stand watches.

There is no official Navy definition of "light duty". Plaintiff alleges that "light duty" meant that plaintiff was not to participate in standing or sitting watches. Defendant asserts that he understood "light duty" to mean "no heavy lifting, no heavy exertion". There is a dispute as to what plaintiff was actually ordered to do. Defendant states that his orders were to have plaintiff sit on a bitt on the fantail with a pair of binoculars and a set of phones and perform the duties of an after-lookout. Plaintiff avers that the boatswain mate of the watch instructed plaintiff to stand a regular watch, beginning with being the messenger of the watch, and then rotating to aft lookout, and then to "J. L. Talker", and that nobody told him to perform only a sitting watch.

Plaintiff did in fact stand a regular watch. He alleges that this involved standing or walking at a swift pace through the ship and climbing up and down ladders, and that after standing the watch and as a result of having done so he endured intense pain, was placed back on the binnacle list, and was unable to get out of bed for a long while.

Plaintiff alleges other acts of defendant for the purpose of supporting the claim for punitive damages in connection with the April 30th incident. (It is not clear whether plaintiff is also attempting to make out a case for intentional and unreasonable infliction of emotional suffering resulting in illness or bodily harm. I understood counsel for plaintiff to say during argument that plaintiff was not so attempting.) These acts include assigning extra duty to plaintiff, denying plaintiff liberty to which plaintiff was entitled, causing plaintiff to breach security by having plaintiff do work on a weapon requiring a security clearance that plaintiff did not have, and assigning plaintiff one more stint of mess duty than anyone else. Defendant admits telling plaintiff in a formal conference in defendant's office sometime after the April 30th incident: "I do not like you." Defendant also admits assigning extra hours to plaintiff "to make up for the time he missed being on board the ship", and assigning plaintiff to mess duty in September or October 1972 allegedly not knowing that plaintiff had already had two such assignments beginning with a period just before defendant reported to the USS WHIPPLE. Defendant denies denying plaintiff any liberty and states that the security clearance mentioned by plaintiff was not required at the time plaintiff worked on the weapon in question.

Defendant moves to dismiss or for summary judgment on the authority of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and its progeny.

Plaintiff resists on the authority of Green v. James, 473 F.2d 660 (9th Cir. 1973); Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc., 456 F.2d 1339 (2d Cir. 1972); and his reading of Barr v. Matteo, *supra*, and its progeny.

The motion was argued on March 30, 1973.

■ I am of the opinion that the motion for summary judgment should be granted.

■ A Navy officer is immune from civil liability for discretionary acts performed by him within the outer perimeter of his official duties. Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959). Discretion inheres in an act resulting from a judgment or decision which it is necessary that the official be free to make without fear or threat of vexations or fictitious suits and alleged personal liability. Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2d Cir. 1962), cert. denied, 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963).

Plaintiff concedes that, but for the involvement of the ship's medical de-

partment, defendant had the authority, and indeed in some cases the duty, to assign plaintiff to the watch bill, to extra duty, to mess duty, and even probably to work on classified weapons for which plaintiff did not have proper clearances. Plaintiff seeks to defeat this authority by arguing that plaintiff, at the time in question, was not under the authority of defendant but of the head of the medical department. The difficulty with this argument is that the facts do not support it. Plaintiff had been taken off the binnacle list and returned to duty, albeit "light duty".

If the head of the ship's medical department had felt that plaintiff should not have been assigned any duties, the very simple solution would have been to keep plaintiff on the binnacle list. If defendant had then sought to override the medical department and order plaintiff to duty, a stickier situation might have been presented. But that is not this case.

Green v. James, *supra*, says nothing to the contrary. On a motion to dismiss, the court acknowledged that Colonel James "may be able to prove that he was acting within the scope of his duties", but pointed out that "[o]n the record before us he has not done so." Colonel James had attempted to show that by Army regulations his duties as an adjutant general included the enforcement of traffic regulations against a civilian on an Army post. The regulations he proffered, the court found, did not support his contention.

Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc., *supra*, held that as a matter of policy federal officers performing police duties would not be given the protection of the immunity defense provided by Barr v. Matteo, *supra*, from damage suits based upon allegations of violations of constitutional rights in making arrests and conducting searches. That result was a logical consequence of the Supreme Court's earlier decision in the same litigation. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The appeals court did enunciate a defense in such situations of good faith and reasonable belief that an arrest and search were lawful and reasonable. These are obviously different rules for different purposes and have nothing to do with Lieutenant Peters' acts as Weapons Officer on a DE engaged in offshore gunfire support of military ground operations in the Western Pacific.

In deciding what men under his command perform what duties at what times, defendant, while subject to detailed regulations, has considerable freedom in the application of these regulations. Here, for example, in the absence of a formal definition of "light duty", defendant's interpretation of the phrase as meaning "no heavy lifting, no heavy exertion" not only accords with the ordinary understanding of the phrase in the civilian community but is well within the discretion entrusted to him. "Light duty" does not mean no duty. Plaintiff has not suggested what duty could be lighter than rotating from messenger to afterlookout to "J. L. Talker" on a regular bridge watch underway. While he avers that these tasks all involved "standing and/or walking at a swift pace, through the ship, and up and down ladders", surely only messenger duties involved any displacement from one place to another, and no one is charged with preventing plaintiff from sitting because he felt pain or even discomfort while standing. Defendant had the welfare of all weapons department personnel to consider—some 75 men—under combat readiness conditions. This is the kind of situation where "it is necessary that the Government official be free to make [a judgment or decision] without fear or threat of vexatious or fictitious suits and alleged personal liability". Ove Gustavsson Contracting Co. v. Floete, *supra*, 299 F.2d at 659.

Once an official is determined to be acting "within the outer perimeter of . . . [his] line of duty", allegations of malice are irrelevant. Barr v. Matteo, *supra*, 360 U.S. at 575, 79 S.Ct. at 1341.

The foregoing discussion does not flow from the allegations of the complaint alone and therefore dismissal would be inappropriate. Plaintiff argues that summary judgment is similarly inappropriate because there are substantial issues of fact. A review of the record reveals that the facts necessary to a determination of the applicability of the immunity defense are not disputed—although their legal effect is.

The pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

An order consistent herewith will be signed and entered upon presentation.