**John N. FLOOD, M.D., J.D.,**
**Plaintiff-Appellant,**

v.

**F. P. HARRINGTON et al.,**
**Defendants-Appellees.**

No. 73–3547.

United States Court of Appeals,
Ninth Circuit.

March 19, 1976.

John N. Flood, M.D., J.D., in pro. per.

Jeffrey S. Blum (argued), Tax Div., U.S. Dept. of Justice, Washington, D. C., for defendants-appellees.

## OPINION

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Dr. Flood appeals from dismissal of his complaint against four federal government attorneys, one agent of the Internal Revenue Service, and one private attorney for alleged violation of his constitutional rights.

We affirm.

### FACTS

Being something of a free spirit, Flood has sought over the past quarter century to frustrate the efforts of the United States government directed toward the collection of Flood's duly assessed income tax. Not content with mere reaction, Dr. Flood sued the defendants in 1973 for $100,000 for the "great distress of mind and body" and the "loss of assets, credit reputation, and businesses" caused by the allegedly wrongful acts of defendants.

In 1958 Dr. Flood became aware that he was faced with some income tax problems which would not likely go away. He retained a private attorney, defendant Prieve, to represent him in the tax matters. In connection with this employment, Dr. Flood executed a power of attorney which gave broad powers to Mr. Prieve in the performance of his legal services.

Mr. Prieve succeeded in 1962 in obtaining two decisions of the United States Tax Court based upon stipulations entered into between Prieve and government counsel.[1] Dr. Flood was apparently unhappy with the result, since Mr. Prieve was forced to sue for his fee.

In 1963, Flood asked for and received from Prieve the attorney's files in the tax matter. In 1967 Flood, pro se, sought unsuccessfully to enjoin the government from collecting certain taxes. *Flood v. Commissioner of Internal Revenue,* 275 F.Supp. 801 (E.D.Wis.1967), *aff'd,* 22 A.F.T.R.2d 5672, 68–2 U.S.T.C. ¶ 9642 (7th Cir. 1968) (unreported).

He sought in 1969 to have the 1962 Tax Court decision vacated, arguing that Prieve defrauded the Tax Court by acting without authority, and that government counsel defrauded the court because he "knew" that Flood owed no tax. Defendant Royal E. Maiden, in 1969 the Assistant Regional Counsel in the Los Angeles office of the Internal Revenue Service, arranged for

---

1. We have already determined that the actions of defendant Prieve were within the scope of his authority under the power of attorney. *Flood v. Commissioner of Internal Revenue,* 468 F.2d 904, 904–05 (9th Cir. 1972), *cert. denied* 411 U.S. 906, 93 S.Ct. 1529, 36 L.Ed.2d 195 (1973).

Prieve to testify against Flood. The Tax Court denied Flood's motion to vacate, and we affirmed. *Flood v. Commissioner of Internal Revenue,* 468 F.2d 904 (9th Cir. 1972), *cert. denied,* 411 U.S. 906, 93 S.Ct. 1529, 36 L.Ed.2d 195 (1973).

Defendant Scott P. Crampton served as counsel to the Commissioner of Internal Revenue during the litigation of Flood's motion to vacate. Defendant Mary J. McGinn, at that time an attorney in the Tax Division of the Department of Justice, prepared the government's brief in the *Flood* appeal and aided in preparing the brief in opposition to Flood's petition for certiorari.

In 1970 the United States instituted an action against Flood seeking collection of tax deficiencies assessed as a result of the 1962 Tax Court decisions. Defendant F. P. Harrington, in 1970 the Assistant Chief, Special Procedure Staff of the Los Angeles office of the Internal Revenue Service was, according to Flood's complaint in the instant action, instrumental in the commencement of the deficiency action. Defendant William D. Keller was United States Attorney for the Central District of California for part of the time the deficiency action was being prosecuted.

The district court eventually granted summary judgment for the United States in the deficiency action. *United States v. Flood,* No. 70–764–EC (C.D.Cal. Nov. 28, 1973), *appeal dismissed pursuant to stipulation,* No. 74–1874 (9th Cir. Dec. 11, 1974).

Dr. Flood filed the complaint in the instant action on May 14, 1973. On October 30, 1973, the district court ruled:

[T]he plaintiff's Complaint and action is [sic] dismissed with prejudice as to all defendants (by this Court *sua sponte* as to defendant Charles A. Prieve).

## JURISDICTION

■ There is no evidence in the record that defendant Charles A. Prieve, who in 1973 was practicing law in Wisconsin, was ever personally served with a copy of Flood's summons and complaint. The district court was clearly correct in dismissing the complaint as to him for want of personal jurisdiction. *Czap v. Marshall,* 315 F.2d 766, 767 (7th Cir. 1963).

The district court had subject matter jurisdiction as to the remaining defendants under 28 U.S.C. § 1331. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943–44 (1946); *Mark v. Groff,* 521 F.2d 1376, 1378–79 (9th Cir. 1975).

■ Since the district court dismissed Flood's complaint and action with prejudice, its order is final and appealable under 28 U.S.C. § 1291. *Haldane v. Chagnon,* 345 F.2d 601, 602–03 (9th Cir. 1965).

## THE DEFENSE OF BAR

The government argues belatedly that principles of res judicata and collateral estoppel prohibit Flood from asserting the claims herein. Even if the government had properly pleaded the applicability of those principles, we could not find them to be dispositive here.

■ In this case, the district court's order dismissing the complaint and action with prejudice was filed on October 30, 1973.[2] According to the government's brief, the district court order granting summary judgment for the government in *United States v. Flood, supra,* was not filed until November 28, 1973. Hence, the latter order can scarcely constitute a bar to the instant action, decided below on an earlier date.

## OFFICIAL IMMUNITY

■ From the pleadings it is clear that the allegations against defendants Maiden, Crampton, McGinn and Keller were based entirely upon their official conduct as attorneys for the government. It is well settled that federal prosecutors are absolutely immune from claims of malicious prosecution.

---

**2.** The October 30, 1973 order constitutes a final judgment on the merits, 1B J. Moore, Federal Practice ¶ 0.409 at 1008 (2d ed. 1975), despite the pendency of this appeal. *Id.* ¶ 0.416[3] at 2252 & n. 11.

*Yaselli v. Goff,* 12 F.2d 396 (2nd Cir. 1926), *aff'd per curiam,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); *Gregoire v. Biddle,* 177 F.2d 579 (2nd Cir. 1949), *cert. denied,* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); *Cooper v. O'Conner,* 69 U.S.App.D.C. 100, 99 F.2d 135, 140–41 (1938). *See also Imbler v. Pachtman,* —— U.S. ——, ——, 96 S.Ct. 984, 990–93, 47 L.Ed.2d 128, 137–42, 44 U.S. L.W. 4250, 4254–55 (1976).

In *Imbler v. Pachtman, supra,* the Supreme Court held that state prosecutors are absolutely immune from a civil suit under 42 U.S.C. § 1983 for damages allegedly caused by the initiation of prosecution and the presentation of the state's case. —— U.S. at ——, 96 S.Ct. at 995–96, 47 L.Ed.2d at 143–44, 44 U.S.L.W. at 4257. The Court applied its rule of absolute immunity to protect only that prosecutorial conduct "intimately associated with the judicial phase of the criminal process." *Id.* at ——, 96 S.Ct. at 993–94, 47 L.Ed.2d at 142, 44 U.S. L.W. at 4256.

While *Imbler* involved an underlying state criminal prosecution, the instant appeal involves underlying federal civil actions. Despite these distinguishing characteristics, *Imbler* has considerable bearing here.

The *Imbler* Court relied heavily upon the common law doctrine of absolute immunity as applied to federal government attorneys to justify application of the same rule in the context of a Section 1983 action against state prosecutors. —— U.S. at ——, 44 U.S.L.W. at 4254–55 & n. 21, 96 S.Ct. at 990–93, 47 L.Ed.2d at 137–42. Moreover, as we stated in *Mark v. Groff, supra,* 521 F.2d at 1380:

> [We perceive] no significant reason for distinguishing, as far as the immunity doctrine is concerned, between litigation under § 1983 against state officers and actions against federal officers alleging violation of constitutional rights under the general federal question statute. In contrast, the practical advantage of having just *one* federal immunity doctrine for suits arising under federal law is self-evident.

Nor do we see any significant reason to distinguish actions involving civil claims from those involving underlying criminal prosecution. The reasons supporting the doctrine of absolute immunity, *Imbler,* —— U.S. at ——, 96 S.Ct. at 992–95, 47 L.Ed.2d at 140–43, 44 U.S.L.W. at 4255–56, apply with equal force regardless of the nature of the underlying action.

■ We conclude, therefore, that the doctrine of absolute immunity protects the defendant attorneys in this case if their allegedly improper conduct was "intimately associated with the judicial phases" of Flood's tax litigation. Defendant Maiden's alleged activities were limited to the 1969 litigation in the Tax Court of *Flood v. Commissioner of Internal Revenue.* Allegations regarding the activities of defendants Crampton and McGinn pertained only to the appellate litigation of that case. Defendant Keller, if personally involved at all, was involved only in the litigation of the deficiency action commenced in 1970. Since without question all of the above activities were "intimately associated with the judicial phase[s]" of Flood's litigation, we conclude that the district court properly dismissed the action as against defendants Maiden, Crampton, McGinn and Keller.

From the record it does not appear that defendant Harrington was an attorney at the time in question. Flood charged Harrington with "caus[ing] an action to be brought against the plaintiff . . . in an effort to reduce the . . . [tax] assessments to judgment." If Harrington had been a government attorney, he would be entitled to absolute immunity from Flood's charge.

■ If, as it appears, he was not a Justice Department attorney, he cannot be held liable for "causing" the prosecution in *United States v. Flood.* The responsibility for that prosecution lay with the United States Attorney General or his delegate. 26 U.S.C. § 7401. Hence, Flood states no claim against Harrington even if Harrington was not a government attorney at the time of the act alleged in Flood's complaint.

*Cf. Everett v. City of Chester,* 391 F.Supp. 26, 28 (E.D.Pa.1975).

We do not depart in any respect from the rule of qualified immunity of executive officials established by the Supreme Court in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and by this court in *Mark v. Groff, supra.* We hold only that the four attorney defendants are entitled to absolute immunity for acts constituting an integral part of the judicial process, and that defendant Harrington cannot be held liable for an act which he could not have committed.

## CONCLUSION

The decision of the district court is in all respects affirmed.