**Joseph R. NESTOR, Plaintiff,**

v.

**John D. O'DONOHUE et al., Defendants.**

Civ. No. 76–0232.

United States District Court, D. Hawaii.

March 31, 1977.

James A. Jolly, Fong, Miho & Robinson, Honolulu, Hawaii, for plaintiff.

Stephen D. Quinn, Asst. U.S. Atty., Harold M. Fong, U.S. Atty., Honolulu, Hawaii, for defendants.

## DECISION

SAMUEL P. KING, Chief Judge.

On June 2, 1976, plaintiff Joseph R. Nestor, a sergeant in the Army, filed this action for defamation and libel in state court. Sergeant Nestor alleged that the three defendants maliciously defamed and libeled him under state law by filing a false Senior Enlisted Evaluation Report (SEER) concerning his performance in the Army. According to the plaintiff, defendant James A. Williamson, the initial evaluator, at first submitted a favorable report of the plaintiff to headquarters. The report was then routed to defendant Berry who disagreed with the report and entered some negative comments. Defendant O'Donohue saw Berry's remarks and apparently concurred with them. Plaintiff then alleges that the three defendants got together in order to produce a substitute and maliciously false SEER. A final SEER which contained the negative remarks of which plaintiff complains was eventually placed in plaintiff's personal file. Plaintiff sought $1.5 million in damages from the three defendants. Pursuant to 28 U.S.C. § 1442(a)(1),[1] the case was removed to federal court. The defendants have now moved for dismissal of the complaint.

■ Assuming that the plaintiff's allegations of malice and bad faith on the part of the defendants are true, the question presented by this motion is whether or not plaintiff's claim is foreclosed by two Supreme Court decisions, *Howard v. Lyons*, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959) and *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). In *Howard*, the Court held that federal law provides an absolute privilege to a naval officer who is sued under state defamation law for a statement made "in the discharge of [the officer's] duties and in relation to a matter committed to him for determination," 360 U.S. 598, 79 S.Ct. 1334. *See also Leighton v. Peters*, 356 F.Supp. 900 (D. Hawaii 1973). In *Barr*, a companion case which more fully explained the immunity from suit, the Court stated that:

the fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint. . . .

360 U.S. 575, 79 S.Ct. 1341. The purpose of such a privilege is to encourage federal officials to perform their duties in an unfettered manner without having to look over their shoulders for potentially harassing damage suits. *Id.* at 571–72, 79 S.Ct. 1335.[2]

1. The action was removed under 28 U.S.C. § 1442(a)(1) which provides for removal of suits against an "officer of the United States . . . for any act under color of such office . . . ." The defendants did not rely on 28 U.S.C. § 1442a which provides for removal of suits "against a member of the armed forces of the United States on account of an act done under color of his office or status. . . ."

2. In *Barr*, there was no opinion of the Court. Four justices joined in the opinion of Justice Harlan, upon which the defendants rely. See *Barr*, 360 U.S. 564, 79 S.Ct. 1335. Justice Black provided the fifth vote in *Barr*. See 360 U.S. 576–78, 79 S.Ct. 1335 (Black, J., concurring). Justice Black felt that restraints, if any, imposed upon federal officials reporting their views should be imposed by Congress, not state libel laws. *Id.* at 577, 79 S.Ct. 1335. That analysis would also lead to dismissal here. In

*See also Gregoire v. Biddle,* 177 F.2d 579 (2d Cir.), *cert. denied,* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

If the statements made by the three defendants in this case were made in the discharge of their duties and in relation to something committed to their discretion, *Howard* and *Barr* would appear to bar any liability for libel and defamation, despite the allegations of malice and bad faith. It is admitted that it was a part of the duty of each defendant officer to evaluate the performance of plaintiff by way of a SEER. One person's opinion of the activities of another obviously involves the exercise of discretionary authority. Consequently, the suit should be dismissed since the defendants all had an absolute privilege to make whatever statements they did make. *Howard, supra; Pagano v. Martin,* 275 F.Supp. 498 (E.D.Va.1967), *aff'd* 397 F.2d 620 (4th Cir.), *cert. denied,* 393 U.S. 1022, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969).

Plaintiff seeks to avoid dismissal by questioning the continuing authority of *Howard* and *Barr.* To do so, he relies heavily on *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and *Mark v. Groff,* 521 F.2d 1376 (9th Cir. 1975). In *Scheuer,* the Supreme Court held that state officials had only a qualified privilege for their actions in the context of a suit seeking damages for the Kent State killings under 42 U.S.C. § 1983. Plaintiff argues that *Scheuer* rejected the concept of absolute privilege and thus that *Howard* and *Barr* can no longer be considered good law. In

order to sustain this argument, plaintiff relies on language contained in *Mark v. Groff, supra.* In holding that IRS agents only had a qualified privilege in an action brought under 28 U.S.C. § 1331 for invasion of constitutional rights, the *Mark* court stated that *Scheuer* "destroyed the notion of absolute immunity for executive officials," 521 F.2d 1379, noting that the immunity had been retained for judicial and legislative officials. *Id.* n.3.[3] This language, however, cannot be interpreted to mean that an executive official never has an absolute immunity; rather, the *Scheuer* decision only means that executive officials do not always have an absolute privilege to act in all circumstances.

The Supreme Court has continued to treat the question of absolute versus qualified privilege for executive officials on a case-by-case basis.[4] In each instance, the Court has analyzed the problem through "considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it." *Imbler v. Pachtman,* 424 U.S. 409, 421, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). In *Imbler,* the Court held that a state prosecutor (an executive officer) was absolutely immune from a § 1983 damages suit for initiating a prosecution and presenting the state's case. The Court rejected as "overly simplistic" the argument that executive officials always have a qualified immunity while judicial officials always possess an absolute protection.[5] *Id.* at 420–21, 96 S.Ct. 984.

---

Howard, the case dealing explicitly with military officers, Justice Harlan's opinion, relying on the rationale of his opinion in Barr, was the opinion of the Court. 360 U.S. 594, 79 S.Ct. 1331. Thus, as to the particular issue raised by this case, there is a majority opinion of the Supreme Court which seems applicable.

3. *See also Midwest Growers Cooperative Corp. v. Kirkemo,* 533 F.2d 455, 464 n.22 (9th Cir. 1976); *Johnson v. Reagan,* 524 F.2d 1123 (9th Cir. 1975).

4. *See e.g., Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes, supra.*

5. Although the Ninth Circuit recently followed *Imbler* in *Flood v. Harrington,* 532 F.2d 1248 (9th Cir. 1976), holding that federal prosecutors are absolutely immune, it stated that it "did not depart in any respect from the rule of qualified immunity of executive officials established by the Supreme Court in [*Scheuer*] and [by the Ninth Circuit in *Mark*]." 532 F.2d 1252. See note 6, *infra.* Without making any reference to either *Mark* or *Flood,* the Ninth Circuit has also just held that a public defender is absolutely immune from § 1983 actions concerning his participation in a plea bargain. *Miller v. Barilla,* 549 F.2d 648 (9th Cir. 1977).

*Barr* and *Howard* have never been criticized by the Supreme Court. Indeed, the *Scheuer* court cited *Barr* approvingly. 416 U.S. 247, 94 S.Ct. 1683.[6] Although the common law varied in its treatment of state and federal officials, *see* W. Prosser, Law of Torts § 114 at 782–83 (4th ed. 1971), an absolute privilege for military officers sued for libel pre-dates the decision in *Howard. See, e.g., Miles v. McGrath*, 4 F.Supp. 603 (D.Md.1933). Such a rule allows an officer whose duty it is to make unfavorable comments concerning a soldier's performance if he feels so justified to make those comments without worrying about a suit for damages. In weighing a similar interest against the damage suffered by a plaintiff, Judge Learned Hand states that:

> In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.   .   .

*Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir.), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950), *quoted in Barr v. Matteo*, 360 U.S. 564, 572, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The Supreme Court weighed these interests in *Howard* and came down on the side of absolute privilege. A more limited, qualified privilege is not necessary to control the conduct of officers in order to protect the evaluated soldier. The Army has internal mechanisms for correction of unfounded evaluation reports, and an arbitrary refusal to correct an error in a soldier's record, is subject to judicial review. 10 U.S.C. § 1552.[7] *See* Handler & Klein, *The Defense of Privilege in Defamation Suits Against Government Executive Officials*, 74 Harv.L.Rev. 44, 59–61 (1960).

■ Plaintiff also argues that this case falls outside the *Howard-Barr* doctrine because the defendants violated Army procedures (1) by substituting a new report for an old one, instead of merely recording their conflicting views as to plaintiff's performance, and (2) by erroneously listing defendant Berry as "indorser" when he was not in the *direct* line of supervision over plaintiff. Since the defendants' acts were in violation of regulations, plaintiff argues that the statements made were not in relation to an official duty or a matter committed to the defendants' determination, as required by *Howard-Barr* for the absolute privilege to apply. Assuming that these two acts did violate Army procedures, plaintiff's argument fails for two reasons. First, the acts which caused the damage of which the plaintiff complains are the statements made by the defendants, not the fact that the statements were put in an old or new report. It would make no sense to hold that the defendants had an absolute privilege to defame plaintiff if they had done so in the first instance, but must suffer liability for the same statement when it was substituted or erroneously listed as being made by the "indorser."[8] The definition of an officer's duty is not that rigid. *Cf. Preble v. Johnson*, 275 F.2d 275, 278 (10th Cir. 1960). Second, it can be argued that the publication of a maliciously false statement is never within the scope of an officer's duty. Nevertheless, the Supreme Court has provided an absolute privilege to the publisher in order to encourage officers to carry out their duties without the chilling effect of potential liability. The statements made were in the "outer perimeter" of all of the defendants' duties. Therefore, the *Howard-Barr* rule of absolute immunity applies.

6. Thus, this is a case much like that in *Flood, supra* note 5. Although the Ninth Circuit would not have to depart from its holding as to qualified privilege in *Mark*, it would be required to follow the Supreme Court's decision to grant absolute privilege in *Howard*.

7. In oral argument, counsel for plaintiff indicated that the plaintiff is presently seeking correction of his records.

8. There is no question that defendant Berry was entitled to comment in some way on plaintiff's performance. Berry was the Executive Officer of the support group under which plaintiff served.

The motions of all three defendants to dismiss the action against them should be granted. An appropriate order will issue.