990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan J. MISHLER, Plaintiff-Appellant,
v.
NEVADA STATE BOARD OF MEDICAL EXAMINERS, Defendant-Appellee.
 No. 91-15369.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1992.
Decided March 31, 1993.
 
 Before NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mishler brought this § 1983 action against the Nevada State Board of Medical Examiners ("Board"), the State of Nevada, and nine members of the Board. The district court granted appellee's 12(b)(6) motion, concluding that the nine Board members acting in their individual capacities enjoyed qualified immunity.[1] We reverse.
 
 
 3
 Qualified immunity shields discretionary actions, not ministerial ones. Green v. James, 473 F.2d 660, 661-62 (9th Cir.1973); Davis v. Scherer, 468 U.S. 183, 196 n. 14 (1984). The complaint alleges that the Board members breached their ministerial duty to promptly respond to inquiries regarding the status of appellant's medical license. Complaint p 16-18. The district court rejected this contention and concluded that the Board members' duties were discretionary. Review of a 12(b)(6) motion, however, is limited to the contents of the complaint and we must presume all factual allegations of the complaint are true. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir.1992). See also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence ... its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") The assertion of the qualified immunity defense does not alter this settled law.
 
 
 4
 We cannot tell from the face of the complaint whether the board members exercised their discretion to delay responding, or whether board staff simply did not process the request, but if the word "ministerial" in the complaint is meant to describe a fact rather than to draw a legal conclusion, the complaint appears to allege that no discretion was exercised. Assuming, as we must, that the factual allegations of the complaint are true and the Board members' responsibilities were ministerial, then the Board members would not be entitled to qualified immunity.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court also dismissed the claims against the State, the Board and the nine Board members acting in their official capacities, concluding that these claims were barred by the 11th Amendment. Appellant does not appeal this ruling