PANNER, District Judge:
I respectfully concur in the result.
The majority opinion is essentially advisory. If we affirm the decision of the district court, Sosa loses. If we reverse *943 the district court and reinstate this action, Sosa still loses because the California state court judgment is now final and would bar all of Sosa’s claims.[1] I would file a short order stating that fact, and reserve the extensive discussion of Noerr-Pennington and RICO for a case in which it is necessary to decide those questions.

. In my view, Flood v. Harrington, 532 F.2d 1248 (9th Cir.1976), does not command otherwise. Flood had no occasion to consider what effect a California court would give to the judgment, as we must do here. See 28 U.S.C. § 1738. The plaintiff in Flood did not lose in state court, and then file essentially the same action in federal court, as Sosa did here. Rather, the decision on appeal in Flood was entered first, and both decisions were entered by a federal court. Furthermore, the two actions in Flood involved different claims and parties. Lastly, Flood did not consider what would transpire on remand had the panel found in favor of the plaintiff, and reinstated his action.