**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMIRO PLASCENCIA OROZCO, | No. 22-55369 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-02112-CAB-RBB |
| v. | |
| JOHN A. HOUSTON, Judge; ALANA WONG ROBINSON, Judge; LAURA E. DUFFY, US Attorney Chief; MARIETTE IRENE GECKOS, US Attorney Assistant, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Federal prisoner Ramiro Plascencia Orozco appeals pro se from the district

court's judgment dismissing his action under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Plascencia Orozco's action because the defendants are entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity for activities "intimately associated with the judicial phase of the criminal process"); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (holding that federal judicial immunity extends to declaratory and injunctive relief); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976) (applying absolute immunity to federal government attorneys).

To the extent that Plascencia Orozco intended to name his federal public defender as a defendant, dismissal was proper because Plascencia Orozco failed to allege facts sufficient to show that such defendant was acting under color of federal law. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (explaining that a federal public defender representing an indigent defendant does not act under color of federal law for purposes of a *Bivens* action).

All pending motions are denied.

**AFFIRMED.**